KAREN K. C. SAVAGE *v.* WALLACE G. SAVAGE, JR.
(9425)

DUPONT, C. J., LANDAU and HEIMAN, Js.

Argued May 3—decision released September 10, 1991

*Michael W. Murray,* for the appellant (plaintiff).

*C. Michael Budlong,* with whom was *Kathleen A. Murrett,* for the appellee (defendant).

*Donna P. Murhpy,* for the minor children.

DUPONT, C. J. The plaintiff appeals from the judgment and postjudgment orders rendered in connection with the dissolution of her marriage to the defendant. On appeal, the plaintiff challenges the trial court's (1) vacation of its child support order, (2) calculation of an arrearage of child support, (3) original order requiring postjudgment evaluation of the parties and minor children by a child psychiatrist or psychologist, and (4) division of the parties' property. The first two challenges relate to postjudgment orders rendered on July 18, 1990, and the last two, to the judgment rendered on April 17, 1990.[1] We affirm the judgment of the trial court in part and reverse it in part.

The trial court rendered a judgment of dissolution of the parties' marriage and awarded legal custody of

---

[1] This appeal was filed on August 7, 1990. As to the first two issues raised by the plaintiff, the appeal was timely because it was filed within twenty days from the issuance of notice of the court's postjudgment orders. Practice Book § 4009. As to the last two issues, however, the appeal was not timely because the judgment to which those issues relate became final more than twenty days prior to the date of filing of the appeal. We, nonetheless, consider those issues. Where an appellee, as the defendant here, fails to file a timely motion to dismiss, we consider the defect of untimeliness to be waived. *Cardoza* v. *Zoning Commission,* 211 Conn. 78, 81 n.4, 557 A.2d 545 (1989); *LaReau* v. *Reincke,* 158 Conn. 486, 495, 264 A.2d 576 (1969); *McCarthy* v. *Bridgeport,* 21 Conn. App. 359, 361 n.1, 574 A.2d 226, cert. denied, 215 Conn. 814, 576 A.2d 543 (1990).

the issue of the marriage to the defendant, with liberal visitation rights to the plaintiff, which effectively allowed the plaintiff to have physical custody of the two minor children 40 percent of the time. The trial court also ordered that the defendant pay child support to the plaintiff, who was unemployed at the time of the judgment.

Approximately two months later, the defendant filed a motion for a modification of the child support order, alleging a substantial change in circumstances. On May 9, 1990, the plaintiff moved that the court find the defendant in contempt of the court's orders relating to alimony and child support, in its judgment of April 17, 1990. On July 18, 1990, the trial court granted the defendant's motion and vacated its child support order, and also calculated an arrearage of child support due.

The plaintiff argues that the trial court abused its discretion by vacating its child support order without hearing any evidence of a substantial change in circumstances to support the defendant's motion. It is axiomatic that a trial court, in deciding a domestic relations case, has broad discretion. *Leo* v. *Leo,* 197 Conn. 1, 4, 495 A.2d 704 (1985); *Vonaa* v. *Vonaa,* 15 Conn. App. 745, 747, 546 A.2d 923 (1988). In cases involving a modification of alimony or support awards, "great weight is due to the action of the trial court and every reasonable presumption will be made in favor of its correctness." *Noce* v. *Noce,* 181 Conn. 145, 149, 434 A.2d 345 (1980); *Vonaa* v. *Vonaa,* supra. "A trial court's financial orders will not be disturbed unless the court has abused its discretion or *its findings have no reasonable basis in the facts.*" (Emphasis added.) *LaBow* v. *LaBow,* 13 Conn. App. 330, 345, 537 A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988).

General Statutes § 46b-86 (a), provides that "any final order for the periodic payment of permanent ali-

mony or support . . . may at any time thereafter be continued, set aside, altered or modified . . . upon a showing of a substantial change in the circumstances of either party . . . . After the date of judgment, modification . . . may be made upon a showing of such substantial change of circumstances, whether or not such change of circumstances was contemplated at the time of the dissolution. . . ."[2] A party moving for a modification of a child support order must clearly and definitely establish the occurrence of a substantial change in the circumstances of either party that makes the continuation of the prior order unfair and improper. See *Curzi* v. *Curzi,* 21 Conn. App. 5, 7, 570 A.2d 1134 (1990); *LaBow* v. *LaBow,* supra.

Here, the defendant, who moved for the modification, failed to meet his burden of proving a substantial change in circumstances. The defendant claims that the plaintiff was pregnant at the time of the dissolution and that her failure to disclose the pregnancy was a fraud on the court. He further argues that, because of her pregnancy, the plaintiff had no intention of seeking employment. The defendant, however, failed to produce any evidence to substantiate these assertions, and his counsel simply stated them to the court. The defendant failed to demonstrate that the plaintiff did not intend to work or to seek work for whatever reason or that, if the fact of her pregnancy was assumed, she would be unable to work during or after her pregnancy.

Representations of counsel are not evidence. *Cologne* v. *Westfarms Associates,* 197 Conn. 141, 154, 496 A.2d 476 (1985). Even if there had been evidence of the plaintiff's alleged pregnancy, a court could not conclude that there was an inability to work outside the home or the

[2] General Statutes § 46b-86 (a) was amended by Public Acts 1990, No. 90-213, § 45 and No. 90-188. The amendments, however, do not affect this case.

lack of an intention to work because neither is implicit in pregnancy or motherhood. Because there was no evidence from which the court could find that there was a substantial change in circumstances or a fraud, its prior existing order for child support should not have been vacated.

The plaintiff next claims that the trial court improperly calculated an arrearage of child support that had accrued from the date of the judgment to the date of the decision on the defendant's motion for modification of child support. The defendant agrees that the trial court incorrectly calculated that arrearage. Both parties claim that the trial court, in calculating the arrearage, misinterpreted or misapplied its own order for determining child support as set forth in its memorandum of decision. Each party, however, proposes a different interpretation of that order and arrives at a different amount of child support that is due. The parties' disagreement about the interpretation of the order turns on whether the trial court considered child support guidelines.

General Statutes § 46b-215b (a) requires that child support guidelines be considered in all determinations of child support. *Battersby* v. *Battersby,* 218 Conn. 467, 470, 590 A.2d 427 (1991). Section 46b-215b (a) provides a rebuttable presumption that the amount established by the application of the guidelines is the amount of support to be ordered. There must be a "specific finding on the record that the application of the guidelines would be inequitable or inappropriate," in light of the criteria of § 46b-215a, in order to rebut the presumption.

Here, we are unable, from the record, to determine how the trial court arrived at $1364 as the arrearage of child support owed by the defendant. At the time of the dissolution, the trial court established a formula

for calculating the amount of child support to be paid by the defendant, and ordered that the defendant pay the plaintiff child support in the amount of "forty percent (40%) of the child support calculation after first deducting the $60 alimony and the actual cost of daycare, from the Father's net weekly wage of $556.72 as shown on the April 9, 1990 sworn financial affidavit." We cannot determine, however, whether the court applied the child support guidelines in order to establish the arrearage due under this formula. We cannot do so because the arrearage established is at variance with the amount of support due if the child support guidelines were used.

Section 46b-215b (a) establishes a rebuttable presumption, and therefore, unless there is a specific finding on the record that would allow the presumption to be rebutted, child support awarded must be in the amount provided by the guidelines. We must remand this case so that the trial court may either recalculate the amount due on the basis of the child support guidelines or make a specific finding in accordance with the statute.

The plaintiff next claims that the trial court abused its discretion in ordering, as part of its judgment, that the parties and the minor children engage in postjudgment consultation with a child expert. Specifically, the trial court ordered the parties and the minor children to consult with David Mantell, a child expert, or a child expert of Mantell's choice, for evaluation four times a year for at least two hours at each meeting for two years after the date of the judgment. The purpose of the order was to "enable Dr. Mantell or the child expert of Dr. Mantell's choice, to become familiar with" the parties. The court "hoped that the insights so gained" would result in a settlement of custody and visitation by the parties. The attorney for the children was "encouraged to file a modification motion" whenever

a report from Mantell leads her to believe a modification would be appropriate. The evaluating expert was to submit periodic reports to the parties and the court.

General Statutes § 46b-56 governs a trial court's orders regarding a custody determination and care of minor children in a dissolution action. That section provides in part that "the court may at any time make . . . any proper order regarding . . . custody and visitation if it has jurisdiction . . . according to its best judgment upon the facts of the case and subject to such conditions and limitations as it deems equitable." General Statutes § 46b-56 (a).

At trial, Mantell testified that both parents were capable of caring for the minor children. Mantell, however, was unable to recommend which party would be the more suitable custodial parent. The trial court awarded custody to the defendant because it believed that the defendant would be more willing than the plaintiff to recognize the importance of the role of the non-custodial parent in the children's lives. The trial court ordered the postjudgment consultation so that more information could be gathered in hopes that the parties would agree in the future to a custody arrangement or that the attorney for the minor children would move, if appropriate, for a modification of the court's custody order.

General Statutes §§ 46b-3 and 46b-6[3] govern pretrial investigations in a pending family relations matter.

---

[3] General Statutes § 46b-3 provides in relevant part: "For the purposes of any investigation or pretrial conference the judge presiding at any family relations session may employ the services of any probation officer, including those under the direction of the office of adult probation, physician, psychologist, psychiatrist or family counselor. . . ."

General Statutes § 46b-6 provides in its entirety: "In any pending family relations matter the court or any judge may cause an investigation to be made with respect to any circumstance of the matter which may be helpful or material or relevant to a proper disposition of the case. Such investiga-

General Statutes § 46b-6 allows a trial court to order an investigation in "a pending family relations matter" of any circumstance of that matter, which may be helpful, material or relevant to a proper disposition of the case, including an evaluation of a child's mental state or condition. General Statutes § 46b-3 permits a court to employ the services of a psychiatrist, psychologist or family counselor in carrying out such an evaluation. By utilizing these statutory provisions, a trial court may obtain a disinterested assessment of the facts of a particular case in order to dispose of it properly. See *Pascal* v. *Pascal,* 2 Conn. App. 472, 479, 481 A.2d 68 (1984). "They [General Statutes §§ 46b-3 and 46b-6] do not authorize any more than that." Id.

Section 46b-6 applies to pending family relations matters and § 46b-3 applies to the implementation of § 46b-6 and other domestic relations matters requiring investigative assistance for their resolution. The purpose of ordering evaluation under these statutes is to assist a court in disposing of a case. Once a case has been disposed of by the rendition of a final judgment and there is nothing further pending, as was the case here, there is no longer a reason for ordering an ongoing evaluation.

The trial court awarded legal custody of the minor children to the defendant. That award, which was entered as part of the decree dissolving the marriage of the parties, was a final determination of the custody issue. *Hall* v. *Hall,* 186 Conn. 118, 122, 439 A.2d 447

tion may include an examination of the parentage and surroundings of any child, his age, habits and history, inquiry into the home conditions, habits and character of his parents or guardians and evaluation of his mental or physical condition. In any action for dissolution of marriage, legal separation or annulment of marriage such investigation may include an examination into the age, habits and history of the parties, the causes of marital discord and the financial ability of the parties to furnish support to either spouse or any dependent child."

(1982). Until such time as a motion for modification of custody is made and a court has altered custody, the original custody award remains undisturbed. Id. The trial court's order here compelling consultation with Mantell for two years into the future is not a proper custody order but rather is an attempt to force consultation for purposes of a postjudgment evaluation. There is no statutory authorization for such an evaluation without a pending motion or matter before a court.

We conclude, therefore, that the trial court abused its discretion in rendering an order compelling postjudgment evaluation.

The plaintiff's final claim is that the trial court failed to consider her contribution to the acquisition of the family home in its financial award dividing the assets of the parties. General Statutes § 46b-81 (c) sets forth numerous factors that a trial court must consider in assigning the property of the parties whose marriage is to be dissolved by the court. As relevant, that section provides that "[t]he court shall . . . consider the contribution of each of the parties in the acquisition . . . of their respective estates." The plaintiff is correct in asserting that a trial court must consider all the statutory criteria in determining how to divide the parties' property in a dissolution action. *Leo* v. *Leo,* supra, 5; *Kane* v. *Parry,* 24 Conn. App. 307, 313–14, 588 A.2d 227 (1991). A trial court, however, need not give each factor equal weight; *Kane* v. *Parry,* supra; or recite the statutory criteria that it considered in making its decision or make express findings as to each statutory factor. *Leo* v. *Leo,* supra; *Zern* v. *Zern,* 15 Conn. App. 292, 295, 544 A.2d 244 (1988).

The trial court in its memorandum of decision stated that it had considered all factors in the relevant statute. Further, the trial court's assignment of the prop-

erty had a reasonable basis in the facts and, thus, will not be disturbed. *Krause* v. *Krause,* 189 Conn. 570, 572, 456 A.2d 1204 (1983). There was no abuse of discretion in this regard. *Zern* v. *Zern,* supra.

The judgment, insofar as it compels postjudgment evaluation of the parties and minor children, is reversed, and the postjudgment orders vacating the child support award and relating to the calculation of the arrearage due are set aside and the case is remanded for further proceedings consistent with this opinion; in all other respects, the judgment is affirmed.

In this opinion the other judges concurred.