[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTIONS TO MEMORANDUM OF DECISION (NO. 235)
Pursuant to motions to correct as appear of record, the Court corrects the above decision as follows:
(1) The spelling of the name Donald J. Heibel (sic), which appears on page 5 et seq., is corrected to Hiebel.
(2) The spelling of the name of Peter Maru, M.D. (sic), which appears on pages 16 and 18, is corrected to Peter Mann, M.D.
(3) On page 25, in Article II, the first sentence of the last paragraph is corrected to read as follows:
"The Court, therefore, awards no interest in any of the business entities nor in the business real estate to the plaintiff, and accordingly, orders her to release the notices of lis pendens on such real estate dated March 18, 1987 and July 15, 1988, as recorded on the Colchester Land Records."
(4) On page 26, in Article III thereof, the last sentence therein is corrected to read as follows:
"The remaining half interest of the defendant CT Page 1762 therein is hereby assigned to the plaintiff who shall assume and pay the aforesaid mortgage on said premises, and hold the defendant harmless from any obligations thereon."
(5) On page 28, in Article V, the order for payment of periodic alimony is corrected by adding the word "thereafter" following the semi-colon in subparagraphs (a) and (b).
(6) On page 28, Article VI is corrected by adding the following sentence at the end thereof.
"The Court finds, in the light of the foregoing and enumerated factors, that the application of the aforesaid guidelines would be inequitable and that the substantial deviation therefrom is warranted and the presumption in Section 46b-215b(a) is rebutted. Savage v. Savage, 25 Conn. App. 695,698."
(7) On page 30, in Article X, the first sentence is corrected by the insertion of the language, "except as hereinbefore ordered," following "financial affidavits."
(8) On page 15, Article I is corrected by deleting the balance of the paragraph after the visitation schedule and substituting the following in lieu thereof:
"The foregoing grant of custody is conditioned upon the child continuing the counselling she has been undergoing. The attorney for the child may move the Court to review such counselling as well as visitation. Savage v. Savage, 25 Conn. App. 693,701.
BURNS, J.