CAROL C. RUMMEL *v.* MICHAEL W. RUMMEL
(11578)

FOTI, LANDAU and CRETELLA, Js.

Argued September 22—decision released December 14, 1993

*Diane Polan,* with whom, on the brief, was *Sue L. Wise,* for the appellant (defendant).

*Geraldine Battistoli,* for the appellee (plaintiff).

Foti, J. This is an appeal from orders issued in connection with the judgment dissolving the parties' marriage. The defendant contends that the trial court improperly (1) made findings not reasonably supported by the evidence, and (2) abused its discretion in the assignment of property. We affirm the judgment of the trial court.

The facts necessary to a resolution of this matter are as follows. The parties were married in Westbrook on April 16, 1977. There are no children of this marriage. The plaintiff was forty-five years of age at the time of the dissolution, and the defendant, forty-one. The defendant was employed for many years by the Fusco Corporation as a construction projects supervisor. He has a high school education. The plaintiff has been employed for many years as a secretary-bookkeeper for Casserino's Moving and Storage Company. Her education consisted of four years of high school and one year of secretarial school. It was the defendant's first marriage. The plaintiff had been married previously, was divorced and had custody of a minor daughter at the time of the marriage.

Prior to this second marriage, the plaintiff owned interests in commercial property on Pease Avenue in Middletown and residential property on Seaside Ave-

nue in Westbrook. The Westbrook property was the plaintiff's home beginning in 1975 and upon the marriage became the marital household. The plaintiff paid expenses on the residential property from income derived from the Pease Avenue commercial property. During the course of the marriage, the plaintiff acquired a partial interest in a condominium in Florida, owned jointly with her brother and mother, and in which her mother resided.[1] The plaintiff mortgaged her interest in the Westbrook property to obtain funds for the Florida purchase.

The defendant's earnings were markedly greater than the plaintiff's at the time of their marriage and steadily increased over the years of the marriage. His weekly gross income at the time of the dissolution was $828.40, and the plaintiff's was $275. The plaintiff's expenses at the time of the dissolution exceeded her income, and she had been receiving assistance from her brother on a weekly basis.

The defendant used alcohol immoderately on a regular basis eventually resulting in his requiring medical attention and treatment for alcohol abuse. After several weeks of inpatient care in October, 1991, he did not return home, but took up residence with his parents.

The plaintiff commenced this dissolution action pro se on January 6, 1992; followed by an amended complaint filed by counsel dated April 29, 1992. After a limited contested trial, the trial court found "that the fault for the breakdown of the marriage should not be attributed to a greater extent to either" party. The court denied alimony to both, ordered each to be

---

[1] Although the court did not mention any additional property in its memorandum of decision, it would appear that the Florida condominium located in Pompano Beach was sold in 1988 and a house purchased in Fort Lauderdale.

responsible for individual attorney's fees, permitted the defendant to retain his pension and annuity fund, and allowed each party to retain cash assets, personal property and real property as declared on each individual's financial affidavit.

I

As a preliminary matter, we must address a question first raised by the court during oral argument: whether the failure to close the pleadings deprived the trial court of jurisdiction.[2] The record is clear, and the parties agree, that no answer was filed either to the complaint or the amended complaint. Pleadings frame the issues; a trial court, in order to have the right to adjudicate, must have " 'jurisdiction of the precise question which its judgment assumes to decide, or of the particular remedy or relief which it assumes to grant.' 1 Black, Judgments (2d Ed. 1902) § 242. . . ." (Citations omitted.) *Doublewal Corp.* v. *Toffolon,* 195 Conn. 384, 390, 488 A.2d 444 (1985).

There are three separate elements of the jurisdiction of a court: jurisdiction over the person, jurisdiction over the subject matter, and jurisdiction to render the particular judgment. *Bridgeport* v. *Debek,* 210 Conn. 175, 179, 554 A.2d 728 (1989). "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong. . . ." (Citations omitted; internal quotation marks omitted.) *Tolly* v. *Department of Human Resources,* 225 Conn. 13, 29, 621 A.2d 719 (1993), quoting *Lauer* v. *Zoning Commission,* 220 Conn. 455, 460, 600 A.2d 310 (1991). The Superior Court lacks subject matter jurisdiction only if it has no competence to enter-

---

[2] "Once the question of lack of jurisdiction of a court is raised, '[it] must be disposed of no matter in what form it is presented.' *Carten* v. *Carten,* 153 Conn. 603, 610, 219 A.2d 711 (1966)." *Cross* v. *Hudon,* 27 Conn. App. 729, 732, 609 A.2d 1021 (1992).

tain the action before it. *Plasil* v. *Tableman,* 223 Conn. 68, 78, 612 A.2d 763 (1992); *Meinket* v. *Levinson,* 193 Conn. 110, 115, 474 A.2d 454 (1984). "Lesser irregularities do not make a final judgment void." *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979); see also *Beizer* v. *Goepfert,* 28 Conn. App. 693, 697, 613 A.2d 1336, cert. denied, 224 Conn. 901, 615 A.2d 1044 (1992),      U.S.     , 113 S. Ct. 1416, 122 L. Ed. 2d 786 (1993). Further, there exists an established principle that every presumption is to be indulged in favor of jurisdiction. *Grant* v. *Bassman,* 221 Conn. 465, 470, 604 A.2d 814 (1992).

There is no doubt that the Superior Court is authorized to hear actions involving the dissolution of marriage.[3] Subject matter jurisdiction as well as jurisdiction to render a judgment to dissolve this particular marriage exists because the trial court has the power to hear the general class of cases to which this proceeding belongs. *Lampasona* v. *Jacobs,* 209 Conn. 724, 728, 553 A.2d 175, cert. denied, 492 U.S. 919, 109 S. Ct. 3244, 106 L. Ed. 2d 590 (1989).

"Unlike subject matter jurisdiction, however, personal jurisdiction may be created through consent or waiver." *United States Trust Co.* v. *Bohart,* 197 Conn. 34, 39, 495 A.2d 1034 (1985). The parties herein agree that by going forward on this trial without an answer

---

[3] General Statutes § 46b-44 (c) provides in pertinent part: "A decree dissolving a marriage or granting a legal separation may be entered if: (1) One of the parties to the marriage has been a resident of this state for at least the twelve months next preceding the date of the filing of the complaint or next preceding the date of the decree . . . ."

"When either of the parties to a dissolution action meets the domicile requirements of § 46b-44 (c), the court has both personal and subject matter jurisdiction . . . ." *Sachs* v. *Sachs,* 22 Conn. App. 410, 415, 578 A.2d 649, cert. denied, 216 Conn. 815, 580 A.2d 60 (1990).

The trial court in this case found that both the plaintiff and the defendant had "resided continuously within the state of Connecticut for at least one year next preceding the date of the filing of the complaint."

having been filed, the defendant waived any defect regarding jurisdiction over the person that may have existed.[4] "In the absence of timely objection by the parties served to [any] alleged procedural defects, the ordinary rule is that the defects have been waived." *Morgan* v. *Brown,* 219 Conn. 204, 208, 592 A.2d 925 (1991); Practice Book § 144.[5]

A failure to close the pleadings, where all the parties were present and represented, will not fatally affect the jurisdiction of a case.[6] "Justice more than judicial economy requires an attempt to decide the case rather than reversing and remanding with instructions to put the pleadings in proper form before rendition of appropriate judgment." *Berlingo* v. *Sterling Ocean House, Inc.,* 203 Conn. 103, 106, 523 A.2d 888 (1987).[7]

---

[4] See *Monroe* v. *Monroe,* 177 Conn. 173, 185, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979) (holding, in a marital dissolution case, that trial referee did not lack subject matter jurisdiction because there was no valid order of reference from Superior Court, where parties were present, represented by counsel, and agreed to referral; lack of signed order was merely oversight not jurisdictional defect).

[5] Practice Book § 144 provides: "Any claim of lack of jurisdiction over the person or improper venue or insufficiency of process or insufficiency of service or process is waived if not raised by a motion to dismiss filed in the sequence provided in Secs. 112 and 113 and within the time provided by Sec. 142."

[6] "The pleadings were not closed . . . . Without condoning any such violation, we point out that . . . the court already had jurisdiction not only of the subject matter and the process but also of all the parties to this [action]. See *Telesco* v. *Telesco,* 187 Conn. 715, 719–20, 447 A.2d 752 (1982); *LaBow* v. *LaBow,* 171 Conn. 433, 440, 370 A.2d 990 (1976). [Any] procedural failure by the plaintiff did not, in any fashion, have the effect of terminating or ousting the jurisdiction of the trial court. At most, it made the trial court's action . . . technically erroneous, but that error was rendered harmless by later circumstances, including . . . the lack of actual prejudice to the defendant, and the presumed consideration by the trial court, required under the circumstances, of the closed pleadings in deciding the plaintiff's [action]." *Brookfield* v. *Candlewood Shores Estates, Inc.,* 201 Conn. 1, 4, 513 A.2d 1218 (1986).

[7] An additional argument was raised that Practice Book § 456 may be interpreted to excuse the defendant in a domestic relations case from the

## II

The defendant first claims that the trial court's findings are not reasonably supported by the evidence. He alleges that the trial court improperly (1) failed to consider all the assets of the marital estate in that the plaintiff acquired an additional one-third ownership of the Westbrook property during the marriage, (2) found that the main support of the Westbrook property came from the plaintiff, (3) found that he had never asserted or claimed any interest in the Westbrook property until after the separation, and (4) found that the support of the minor child was borne solely by the plaintiff.

"The standard of review in family matters is that this court will not disturb the trial court's orders unless it has abused its legal discretion or its findings have no reasonable basis in fact." *Graham* v. *Graham,* 25 Conn. App. 41, 47, 592 A.2d 424, cert. denied, 220 Conn. 903, 593 A.2d 969 (1991). It is within the province of the trial court to find facts and draw proper inferences from the evidence presented. *Solomon* v. *Aberman,* 196 Conn. 359, 378, 493 A.2d 193 (1985). " 'The trial court is accorded wide discretion in determining the proper allocation of the assets of the parties.' " *Siracusa* v. *Siracusa,* 30 Conn. App. 560, 570, 621 A.2d 309 (1993).

---

obligation of filing a responsive pleading. Practice Book § 456 provides: "The defendant in a dissolution of marriage, legal separation or annulment matter *may* file one of the following pleadings: (1) An answer *may* be filed which denies or admits the allegations of the complaint and which may set forth the defendant's claims for relief. (2) An answer and a cross complaint *may* be filed which denies or admits the allegations of the complaint and which alleges the grounds upon which a dissolution, legal separation or annulment is sought by the defendant and specifies therein the claims for relief." (Emphasis added.)

Section 456 does not give the defendant permission not to file an answer. The purpose of § 456 is to permit a defendant to raise claims for relief not raised by the plaintiff. *Tsopanides* v. *Tsopanides,* 181 Conn. 248, 435 A.2d 34 (1980). We do not condone the practice of the trial court of ruling on the plaintiff's claims when the pleadings have not been closed.

" '[G]reat weight is given to the judgment of the trial court because of its opportunity to observe the parties and the evidence. *Gallo* v. *Gallo,* 184 Conn. 36, 50, 440 A.2d 782 (1981) . . . .' " *Vandal* v. *Vandal,* 31 Conn. App. 561, 566, 626 A.2d 784 (1993). " '[W]here the factual basis of the court's decision is challenged we must determine whether the facts set out in the memorandum of decision are supported by the evidence or whether, in light of the evidence and the pleadings in the whole record, these facts are clearly erroneous.' " *Cookson* v. *Cookson,* 201 Conn. 229, 243, 514 A.2d 323 (1986), quoting *Pandolphe's Auto Parts, Inc.* v. *Manchester,* 181 Conn. 217, 221–22, 435 A.2d 24 (1980).

Our review of the record leads us to conclude that the facts as found in the memorandum of decision are reasonably supported by the evidence. The memorandum is clear, unambiguous and complete. The trial court heard evidence and had before it the financial affidavits of the parties as to income earned and assets acquired. The court considered all of the marital assets, when and how acquired, the payment for the maintenance of the marital home and the minor child. The trial court understood the extent of the plaintiff's business and real estate interests, and the contribution that each party made for the acquisition, preservation or appreciation in value of their respective estates. The trial court adequately stated the basis for its decision and considered all of the marital assets in light of the statutory criteria. We cannot conclude, on the basis of our review of the record, that the court could not have reasonably found as it did.

### III

The defendant next claims that the trial court abused its discretion in the distribution of the assets of the parties, in particular, the Westbrook property and the Florida property. He alleges that the trial court gave

no weight to the nonmonetary contribution that he made to the marital estate, specifically the improvements he made that served to increase the value of the property or properties. He also alleges that the trial court failed to consider any support which he furnished to his stepdaughter throughout the marriage.

The trial court has broad powers and wide discretion in the assignment of property in a dissolution action. *Rostain* v. *Rostain,* 213 Conn. 686, 689, 569 A.2d 1126 (1990). The trial court must, however, consider a number of statutory factors in fixing the nature and value of the property to be distributed among the parties. See General Statutes § 46b-81. The court need not give each factor equal weight or recount every factor in its decision as long as the decision reflects a proper consideration and a weighing of the statutory factors. *Puris* v. *Puris,* 30 Conn. App. 443, 450, 620 A.2d 829 (1993). "On appeal, the defendant bears the burden of proving to this court that the trial court did not consider the proper criteria . . . ." (Internal quotation marks omitted.) *Siracusa* v. *Siracusa,* supra, 568–69.

The purpose of a property assignment is to divide the ownership of the parties' property equitably. *McPhee* v. *McPhee,* 186 Conn. 167, 170, 440 A.2d 274 (1982). "[E]quitable remedies are not bound by formula but are molded to the needs of justice." *Lawler* v. *Lawler,* 16 Conn. App. 193, 204, 547 A.2d 89, appeal dismissed, 212 Conn. 117, 561 A.2d 128 (1988). Further, we presume that the trial court properly considered all of the evidence submitted by the parties. *Solomon* v. *Aberman,* supra, 376. We will not retry facts or pass upon the credibility of witnesses and the weight to be given the evidence. *Chomko* v. *Patmon,* 19 Conn. App. 483, 488–89, 563 A.2d 311, cert. denied, 212 Conn. 819, 565 A.2d 539 (1989).

The trial court noted the disparity in the income of the parties, their respective ages and the monetary assets of both. The court left intact the defendant's $37,000 as held by him in the Farmers and Mechanics Bank, along with his IRA accounts and his pension and annuity fund. The court considered the defendant's opportunity for further acquisition of capital assets and income. The court also evaluated evidence relative to the acquisition, preservation or appreciation of the value of property *including* the contribution the defendant claimed to have made to the maintenance and upkeep of the Westbrook property. Construing every reasonable presumption in favor of the correctness of the court's distribution of assets; *Puris* v. *Puris,* supra, 449–50; we conclude that the defendant has failed to demonstrate that the trial court abused its discretion.

The judgment is affirmed.

In this opinion the other judges concurred.