MARILYNN B. COLLUCCI v. CARMEN C. COLLUCCI
(11730)

LANDAU, HEIMAN and FREEDMAN, Js.

Argued November 29, 1993—decision released February 8, 1994

*John R. Williams,* for the appellant (plaintiff).

*James R. Greenfield,* for the appellee (defendant).

FREEDMAN, J. The plaintiff, Marilynn B. Collucci, appeals from the judgment of the trial court dissolving the marriage of the parties. The plaintiff claims that the trial court "abused its discretion, misconstrued the evidence and ignored statutory standards in its rulings respecting alimony and the division of property." We affirm the judgment of the trial court.

The parties were married on November 25, 1976. There were no children issue of this marriage. Both parties had been married previously and each had children from their previous marriages, all of whom have reached their majority. On June 19, 1992, the trial court issued its memorandum of decision dissolving the marriage. In its memorandum of decision, after a recitation of some of the background and history of the marriage, the trial court found that "the plaintiff was the cause of the breakdown of the marriage." In addition, the trial court ordered the plaintiff to vacate the marital residence within sixty days, awarded her $25,000 in lump sum alimony and $250 per week as periodic alimony for a period of seven years, ordered the defendant to pay $10,000 in counsel fees to the plaintiff's attorney, ordered the defendant to provide the plaintiff with an automobile of her choosing at a cost not to exceed $10,000, and ordered that the plaintiff be entitled to coverage under the defendant's medical insurance, at her expense, for as long as such coverage was available "under applicable law."

After the plaintiff filed this appeal, the defendant filed a motion with the trial court seeking an articulation as to (1) whether the trial court "considered all relevant statutory criteria in reaching its decision" and (2) "the basis of the court's award of time limited alimony for the particular duration which the court established in awarding alimony to the plaintiff for a period of seven years." The trial court responded by stating that in making the award of alimony and in determining its duration, it considered the criteria set forth in General Statutes § 46b-82. The court further elaborated its reasons for the award of periodic alimony and its duration.[1] The trial court did not articulate the basis for any of its other awards. The defendant neither filed a request for further articulation nor sought review from this court regarding the adequacy of the trial court's articulation. See Practice Book § 4054. The plaintiff filed no postappeal motion for articulation.[2]

The plaintiff attacks the trial court's award of periodic alimony and division of property as being "so completely out of line with the undisputed economic realities of this case, without any attempt to analyze

[1] The court's articulation of its reasons for the award of periodic alimony and its duration was as follows: "The court's award of periodic alimony was in the amount of $250 per week for seven years. The court based this limited award on the fact that the plaintiff had only a few capabilities of earning a living and undoubtedly would require training to enhance these capabilities before looking for work. The court also took judicial notice of the present economic situation in the state which has caused the elimination of many jobs, even in the plaintiff's field of work, or the shortening of hours available for such jobs as were not eliminated. The court's award was based on the consideration that the plaintiff might be able to get some training in another source of available work, before she could find work, or that, if the plaintiff chooses to stay in her field of work, the economic situation in the state will gradually improve so that some job will become available to her."

[2] After the decision of the trial court but before taking this appeal, the plaintiff filed a motion for articulation with the trial court. The motion was denied. The plaintiff took no further action to obtain an articulation.

statutory criteria that an abuse of discretion is manifest." The plaintiff also argues that since the trial court did not specifically refer to General Statutes § 46b-81 in either its memorandum of decision or its articulation that it was "not even aware of § 46b-81 and the limitations it imposes on the division and distribution of marital assets." We do not agree.

It is the duty of the appellant to provide this court with an adequate record to review. *Holmes* v. *Holmes,* 32 Conn. App. 317, 319, 629 A.2d 1137, cert. denied, 228 Conn. 902, 634 A.2d 295 (1993). Here, the plaintiff-appellant claims that the trial court did not consider the criteria enumerated in General Statutes § 46b-81 because the trial court did not specifically refer to that section in either its memorandum of decision or in its articulation. Although preferable, the trial court need not specifically refer to statutory sections in its memorandum of decision. Nor is it necessary for the trial court to make express findings as to each of the statutory criteria. *Weiman* v. *Weiman,* 188 Conn. 232, 234, 449 A.2d 151 (1982). All that is required is that the trial court consider all of the statutory criteria. The trial court "is free to weigh the relevant statutory criteria without having to detail what importance it has assigned to the various statutory factors. . . ." (Citations omitted.) *Katreczko* v. *Katreczko,* 1 Conn. App. 686, 688, 475 A.2d 323 (1984).

As for the articulation, the trial court responded only to the defendant's request regarding the award of periodic alimony. The trial court did not respond to the defendant's request as to "whether [it] considered all relevant statutory criteria in reaching its decision . . . ." It was not the obligation of the defendant-appellee to present us with an adequate record for review; it was the obligation of the plaintiff-appellant. A party cannot sit quietly by when the response to an articulation filed by the opposing party does not con-

tain the information necessary to create an adequate record for review, file no proper motions of her own,[3] and then base an appeal on the missing information. The fact that a trial court fails to respond to a motion for articulation does not alone give rise to any inference as to whether the trial court either did, or did not, consider the subject matter referred to in the motion for articulation. We cannot conclude from an examination of the record and the memorandum of decision that the trial court "was not even aware of § 46b-81 and the limitation it imposes on the division and distribution of marital assets."

"[T]he trial court's factual findings may not be rejected merely because we might personally disagree with the conclusions or would have found differently had we been sitting as the finder of fact. . . . The scope of our review of the trial court's exercise of its broad discretion in domestic relations cases is limited to a determination of whether the court's conclusions were correct on the law and reasonably reached on the evidence. . . . The trial court has the best opportunity to observe the parties, pass on the credibility of witnesses, and weigh and interpret the evidence. . . . We will indulge every reasonable presumption that the court's action was correct. . . ." (Citations omitted.) *Bonelli* v. *Bonelli,* 22 Conn. App. 248, 251–52, 576 A.2d 587 (1990).

From our review of this matter, we conclude that the trial court's factual findings are supported by the evidence, and its conclusions and orders are in accordance

---

[3] The plaintiff could have filed her own motion for articulation. In addition, Practice Book § 4054 provides in pertinent part: "*Any party* aggrieved by the action of the trial judge as regards . . . articulation under Sec. 4051 may, within ten days of the issuance of notice of the order sought to be reviewed, make a written motion for review to the court, to be filed with the appellate clerk, and the court may, upon such a motion, direct any action it deems proper. . . ." (Emphasis added.)

with applicable law. Absent an abuse of discretion, which we do not find here, we will not intrude upon the province of the trial court.

The judgment is affirmed.

In this opinion the other judges concurred.