[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CLARIFICATION
The defendant herein has filed a motion for clarification dated April 18, 1994 (#109.00). The court clarifies its judgment dated March 28, 1994 as follows.
The court did not believe that the defendant's federal income tax returns as submitted for the years 1990, 1991 and 1992 were a correct representation of the defendant's income and expenses. Nor did the court believe that the defendant's financial affidavit dated March 22, 1993 was a true and accurate statement of the defendant's income. Therefore the court concluded that "application of the guidelines (pursuant to General Statute §46b-215b) would be inequitable or inappropriate." Savage v.Savage, 25 Conn. App. 693, 697 (1991). The court deviated from the child support guideline pursuant to the deviation criteria of "present and potential earning capacity of a party." See Child Support Guidelines (January 1991) booklet, page 8.
It is well established, . . . that under appropriate circumstances, the trial court may, in a marital dissolution proceeding, base financial awards on the earnings capacity rather than the actual earned income of the parties. Miller v. Miller,181 Conn. 610, 611-612 (1980). Thus this court found that it was appropriate to consider the earning capacity of the defendant in CT Page 3946 determining the financial orders in this case.
The defendant testified that experienced auto mechanics earn $19.00 per hour in the Norwalk, Connecticut area. The court determined that the defendant's gross wages per week based on a 40 hour work week was $760.00 and allocated $300.00 thereof to child support.
John W. Moran, Judge