## RIMIKO CAFFE *v.* BENEDICT CAFFE
## (15400)

Callahan, C. J., and Borden, Katz, Palmer and McDonald, Js.

Argued December 11, 1996—officially released February 25, 1997

*William F. Gallagher*, with whom, on the brief, were *Barbara L. Cox* and *Althea S. Dinan*, for the appellant (plaintiff).

*Gary Oberst*, with whom were *Michael Applebaum* and, on the brief, *Joshua Kammerman*, for the appellee (defendant).

*Opinion*

MCDONALD, J. The sole issue raised by this certified appeal is whether, in this marriage dissolution action, the Appellate Court properly reversed the trial court's judgment as to financial matters on the ground that the trial court failed to refer to the statutes governing such matters. *Caffe* v. *Caffe*, 236 Conn. 917, 673 A.2d 1144 (1996). Because we conclude that the trial court[1] stated that it had considered the criteria enumerated in the relevant statutes and that the trial court need not have referred specifically to such statutes, we reverse the Appellate Court's judgment.

The following facts are relevant. The plaintiff, Rimiko Caffe, commenced an action against the defendant, Benedict Caffe, for the dissolution of marriage, alimony, custody and support of the parties' minor child, and allocation of the marital home and other property. After a trial lasting fourteen days, the trial court issued a lengthy memorandum of decision granting a dissolution of the marriage, resolving the various financial matters, and determining custody and visitation of the couple's minor child. The defendant appealed from the trial court's judgment to the Appellate Court[2] and subse-

---

[1] Unfortunately, the judge trial referee, *Hon. Thomas J. O'Sullivan*, died during the pendency of this appeal.

[2] The defendant raised the following issues before the Appellate Court: (1) "Did the court fail to consider the appropriate statutory criteria and grant an unreasonable distribution of assets and inequitable awards of alimony and child support, thereby abusing its discretion?" (2) "Was the trial court's inference of adultery based on erroneous findings of fact that are contradicted by the testimony of witnesses and statements made by the court during the trial?" and (3) "Was the defendant denied a fair trial when the court continuously allowed [the] plaintiff's counsel to coach her witnesses through the use of leading questions and improper objections despite defense counsel's repeated objections and motions for mistrial?"

quently filed a motion for articulation asking the trial court whether it had considered, among other things, the parties' financial affidavits when calculating its award. The trial court responded that it had considered these affidavits, which detailed the parties' income, expenses, assets and liabilities. In its original memorandum of decision, the trial court had discussed the length of the marriage, the plaintiff's health problems and employability, and the defendant's fault in the breakup of the marriage, and referred, in detail, to the defendant's income and assets. Specifically, the trial court discussed child support, alimony, communications between the parties regarding the upbringing of their child, the parties' incomes, school tuition, health and life insurance, allocation of the marital property, allocation of the minor child's tax deduction eligibility for purposes of claiming income tax dependency, and payment of attorney's fees.

The Appellate Court directed a new trial on the financial matters, concluding that the trial court should "make some reference to the statute or statutes involved so that appellate courts will have guidance as to whether a court's discretion is being exercised properly." *Caffe* v. *Caffe*, 40 Conn. App. 178, 179, 669 A.2d 629 (1996). We granted the plaintiff's petition for certification for review of the Appellate Court's judgment.

On appeal, the plaintiff argues that the trial court's judgment should not have been reversed because the court was not required to cite the statutory criteria upon which its decision was based. Conversely, the defendant argues that the trial court was required to cite the statutory criteria it had considered and to make explicit findings as to each criteria. We are not persuaded by the defendant's argument.

General Statutes §§ 46b-81, 46b-82 and 46b-84[3] set forth the criteria that a trial court must consider when resolving property and alimony disputes in a dissolution of marriage action. The court must consider *all* of these criteria. *Siracusa* v. *Siracusa*, 30 Conn. App. 560, 566, 621 A.2d 309 (1993). It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each

[3] General Statutes § 46b-81 provides in relevant part: "Assignment of property and transfer of title . . . .

"(c) In fixing the nature and value of the property, if any, to be assigned, the court, after hearing the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income. The court shall also consider the contribution of each of the parties in the acquisition, preservation or appreciation in value of their respective estates."

General Statutes § 46b-82 provides in relevant part: "Alimony. At the time of entering the decree, the superior court may order either of the parties to pay alimony to the other . . . . In determining whether alimony shall be awarded, and the duration and amount of the award, the court shall hear the witnesses, if any, of each party . . . shall consider the length of the marriage, the causes for the annulment, dissolution of the marriage or legal separation, the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate and needs of each of the parties and the award, if any, which the court may make pursuant to section 46b-81, and, in the case of a parent to whom the custody of minor children has been awarded, the desirability of such parent's securing employment."

General Statutes § 46b-84 provides in relevant part: "Parents' obligation for maintenance of minor child. Order for health insurance coverage. (a) Upon or subsequent to the annulment or dissolution of any marriage or the entry of a decree of legal separation or divorce, the parents of a minor child of the marriage, shall maintain the child according to their respective abilities, if the child is in need of maintenance. . . .

"(c) In determining whether a child is in need of maintenance and, if in need, the respective abilities of the parents to provide such maintenance and the amount thereof, the court shall consider the age, health, station, occupation, earning capacity, amount and sources of income, estate, vocational skills and employability of each of the parents, and the age, health, station, occupation, educational status and expectation, amount and sources of income, vocational skills, employability, estate and needs of the child. . . ."

statutory factor. "A ritualistic rendition of each and every statutory element would serve no useful purpose." *Carpenter* v. *Carpenter*, 188 Conn. 736, 740, 453 A.2d 1151 (1982). Further, the trial court is vested with wide discretion and broad powers in resolving such matters. *Rostain* v. *Rostain*, 213 Conn. 686, 689, 569 A.2d 1126 (1990). Therefore, the "trial court is free to weigh the relevant statutory criteria without having to detail what importance it has assigned to the various statutory factors." (Internal quotation marks omitted.) *Collucci* v. *Collucci*, 33 Conn. App. 536, 539, 636 A.2d 1364 (1994); see also *Rummel* v. *Rummel*, 33 Conn. App. 214, 222, 635 A.2d 295 (1993); *Savage* v. *Savage*, 25 Conn. App. 693, 701, 596 A.2d 23 (1991).

Appellate courts look at the record, and determine whether "the [trial] court either incorrectly applied the law or could not reasonably conclude as it did." *Weiman* v. *Weiman*, 188 Conn. 232, 234–35, 449 A.2d 151 (1982). Our review of the trial court's memorandum of decision and its articulation convinces us that the trial court made sufficient reference, perhaps not in form but in substance, to the factors it considered so that an appellate court would have guidance as to whether the trial court's discretion was properly exercised. Accordingly, the fact that the trial court did not explicitly refer to the statutes governing its analysis in no way suggests that its analysis was incomplete.

The judgment of the Appellate Court is reversed, and the case is remanded to that court with direction to consider the defendant's remaining claims on appeal.[4]

In this opinion the other justices concurred.

---

[4] The defendant may not be entitled to appellate review, however, if he has displayed defiance of court orders. It is within the Appellate Court's discretion to dismiss the defendant's appeal under such circumstances. *Greenwood* v. *Greenwood*, 191 Conn. 309, 313, 464 A.2d 771 (1983).

BORDEN, J., with whom KATZ, J., joins, concurring. I agree with the majority and join its opinion. I write separately to elaborate on several points that are implicit in the majority's reasoning.

We granted the plaintiff's petition for certification to appeal from the judgment of the Appellate Court, limited to the following issue: "Under the circumstances of this dissolution of marriage case, did the Appellate Court properly reverse the judgment of the trial court as to financial matters on the ground that the trial court did not refer to the statutes governing such matters?" *Caffe* v. *Caffe*, 236 Conn. 917, 673 A.2d 1144 (1996). The Appellate Court had reversed the trial court's judgment on the basis of the following rationale: "The [trial] court's only relevant conclusion was that the fault for the irretrievable breakdown of the marriage was that of the defendant. Although a court need not make express findings on each of the statutory criteria, or give equal weight to each of them, *it should, at least, make some reference to the statute or statutes involved so that appellate courts will have guidance as to whether a court's discretion is being exercised properly.*" (Emphasis added.) *Caffe* v. *Caffe*, 40 Conn. App. 178, 179, 669 A.2d 629 (1996). In my view, this misreads the record, and is inconsistent with the usual role of an appellate court in reviewing a trial court's judgment.

This statement by the Appellate Court misreads the record in this case because the reason for the breakdown of the marriage was not the only statutory factor that the trial court specifically mentioned in its memorandum of decision. It also specifically referred to the plaintiff's health and employability. The trial court specifically stated: "The court notes that the plaintiff claims she has limitations in her ability to find work. She shall forthwith apply for social security disability benefits." Furthermore, the trial court, in its articulation filed in

response to the Appellate Court's order,[1] specifically stated that the parties' financial affidavits "were in fact reviewed by the court and used in making the rulings on the financial matters as set out in its memorandum of decision." This statement clearly indicates that the trial court considered the statutory criteria of the parties' income, expenses, assets and liabilities, because those are the factors disclosed by their affidavits.

The rationale of the Appellate Court is inconsistent with our jurisprudence regarding the role of an appellate court in reviewing a trial court's judgment because the usual rule is that the trial court is presumed to have applied the law correctly, and it is the burden of the appellant to show to the contrary. See *DiBerardino* v. *DiBerardino*, 213 Conn. 373, 385, 568 A.2d 431 (1990). Indeed, even if the trial court record is ambiguous, we read the record to support, rather than to undermine, the judgment. *State* v. *Crumpton*, 202 Conn. 224, 232, 520 A.2d 226 (1987). Reversing the trial court solely because, in issuing its decision, it did not specifically "make some reference to the statute or statutes involved," is inconsistent with that body of jurisprudence, and elevates the form of what the trial court did over its substance.

In this case, the trial court heard evidence for fourteen days, during which time it took seventy-seven pages of notes. The court issued an eleven page written memorandum of decision detailing its findings as to the cause of the marital breakdown, as well as its orders on the following items: alimony; custody and visitation; child support; consultation between the parties regarding the upbringing of the minor child; allocation of

---

[1] The trial court was asked by the defendant, in his motion for articulation, to respond to the following question: "Can the Court articulate the proper statutory and common law criteria applied in its decision after weighing the evidence presented?" The court declined to do so because it considered the question "too vague and general."

assets and liabilities; the plaintiff's health and ability to work; health and life insurance; school tuition for the child; attorney's fees; and allocation of the child for purposes of claiming an income tax dependency. There is no reason to believe, and the defendant did not establish, that in undertaking this task the trial court did so without taking into account the applicable law. Although it is preferable that the trial court refer to the relevant statutes, the fact that the court did not refer to the statutes that governed its task does not establish that it disregarded them.

Finally, the reason given by the Appellate Court for its apparent requirement that the trial court refer to the applicable statutes—"so that appellate courts will have guidance as to whether a court's discretion is being exercised properly"—is unpersuasive. Appellate courts routinely decide cases involving the exercise of discretion by trial courts without the benefit of the trial court having specifically cited the statute, case law or legal criteria governing that exercise. There is no reason to impose a greater burden of appellate review in cases involving marital dissolution. Our task is to examine the record and to determine whether "the court either incorrectly applied the law or could not reasonably conclude as it did." *Weiman* v. *Weiman*, 188 Conn. 232, 234–35, 449 A.2d 151 (1982).