[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this family action, plaintiff Debra Arganese seeks a dissolution of the parties' marriage, periodic alimony, a distribution of the parties' assets, support for the parties' two minor daughters, acceptance of their oral agreement on custody and visitation, and related relief. Defendant Maurice Krisel contests the financial issues. The court dissolves the marriage as of the date of this memorandum; enters orders as to alimony, property distribution, support; and adopts the parties' oral agreement as to custody and visitation.
 I
"General Statutes §§ 46b-81, 46b-82 and 46b-84 set forth the criteria that a trial court must consider when resolving property and alimony disputes in a dissolution of marriage action. The court must consider all of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each statutory factor. A ritualistic rendition of each on every statutory element would serve no useful purpose. . . . Further, the trial court is vested with wide discretion and broad powers in resolving such matters. . . . Therefore, the trial court is free to weigh the relevant statutory criteria without having to detail what importance it has assigned to the various statutory factors. Collucci v. Collucci, 33 Conn. App. 536,539, 636 A.2d 1364 (1994); see also Rummel v. Rummel,33 Conn. App. 214, 222, 635 A.2d 295 (1993); Savage v.Savage, 25 Conn. App. 693, 701, 596 A.2d 23 (1991)." (Citations omitted; internal quotation marks omitted.)Caffe v. Caffe, 240 Conn. 79, 82-3, 689 A.2d 468
(1997)). This court has considered all the criteria.
Plaintiff Debra Arganese and defendant Maurice Krisel married on July 7, 1990. The parties' marriage is now irretrievably broken down due to the defendant's having had an extra-marital affair. In June of 1999, the parties separated with the plaintiff remaining in the family home in Fairfield with the parties' two minor children. CT Page 3132-ca
The parties have three children. The oldest child is Matthew Charles Krisel, who was born May 8, 1982. Matthew is the natural child of the defendant from another marriage and was adopted by the plaintiff in August of 1990. He is living with the father and is no longer attending school. The other two children, who are both issue of the marriage, are Lyndsay Taylor Krisel, who was born on August 24, 1991, and Brittany Morgan Krisel, who was born on September 6, 1992. No questions relating to custody and visitation were presented to the court since the parents agreed that they should have joint legal custody of the two minors with the mother having physical custody and the father having reasonable, flexible and liberal visitation.
Plaintiff Debra Arganese is forty-two years old. She obtained a law degree in 1986 and thereafter practiced law in Connecticut. The most that she earned as a lawyer was $49,000.00. In November of 1999, she started to work as a school teacher and is now employed as a teacher by the City of Bridgeport at an annual salary of $48,906.00. Her employment benefits include medical and dental insurance for the three children, the defendant, and herself. In 1986, the plaintiff suffered a nervous breakdown and was hospitalized for two weeks. In 1996, she suffered another breakdown and was hospitalized for a short while. Presently, she takes prescriptive medications and appears to be in good health.
Defendant Maurice Krisel is forty-eight years old and appears to be in good health. From 1996 through 1998, he worked for Citibank where he earned a little over $100,000.00 per year. In 1998, he resigned from his position with Citibank and in December of that year became a consultant for Sumitomo Bank. He also trades securities and options. His precise income has been difficult to ascertain due to the manner in which he allocates his income and expenses among his consulting business and other business entities and due to his reluctance in disclosing his income and expenses. In 1999, his income after business expenses was $219,000.00. For tax year 2000, his income should be approximately $244,000.00 leaving, after business CT Page 3132-cb deductions, a taxable income of approximately $200,000.00. He should earn a similar income in 2001 although a variation of $20,000.00 more or less would not be unexpected due the nature of his investing activities.
The parties' assets consist of a house at 248 Catamount Road in Fairfield, a time share in Florida, a securities account that is valued at approximately $15,000.00, life insurance policies that have a cash surrender value of approximately $17,000.00, bank accounts, furniture and personal effects. The house has a value of approximately $775,000.00. It is encumbered by a mortgage in the amount of $375,000.00 and an equity loan of $50,000.00.
The plaintiff did not bring any assets into the marriage. The defendant, on the other hand, brought approximately $300,000.00 into the marriage. His funds were used to purchase a lot at 248 Catamount Road and to build a house thereon. The house and lot cost $525,000.00. He paid $300,000.00 toward the house and lot. The parties obtained a construction loan for $225,000.00. The defendant's other assets consisted of a stock account worth $20,000 to $30,000.00. He came into the marriage owing $90,000.00 on a note payable to his former wife, which note was eventually compromised and paid off for $26,000.00.
At the time the plaintiff commenced this marital dissolution action in June of 1999, the security account had a value of $103,433.27 (value of securities in account plus funds in checking account connected to securities account, less secured non-purpose loan, less margin loan). The parties agreed that the defendant could continue to use the account for trading but did not agree that he could make withdrawals from the account. On January 1, 2000, this account had a value of $179,506.51. Since January of 2000, the defendant has withdrawn approximately $58,000.00 in "profits" from the account. The account lost value due to market conditions. There is presently a balance of approximately $15,000.00 in the account. From the amount withdrawn by the defendant, he used $17,000.00 to pay taxes, $50,000.00 to pay school and related expenses for CT Page 3132-cc Matthew, and $15,000.00 to purchase home furnishings and miscellaneous items.
The court has considered the above circumstances in entering the orders in Part II of this memorandum.
 II
The allegations of the complaint are proven. Accordingly, this court finds that the plaintiff, whose maiden name was Debra Arganese, and the defendant were married in Fairfield, Connecticut, on July 7, 1990; that this court has jurisdiction to dissolve the marriage under General Statutes § 46b-44 (c)(1); that the parties have two minor children who are issue of the marriage, Lyndsay Taylor Krisel, born August 24, 1991, and Brittany Morgan Krisel, born September 6, 1992; that the parties have an eighteen year old child, Matthew Charles Krisel, born May 8, 1982, who is not a full-time high school student; and that the marriage has broken down irretrievably.
The following orders are entered:
 1. The marriage is dissolved on the grounds of irretrievable breakdown.
 2. The parties shall have joint legal custody of the minor children. The primary physical residence of the children shall be with the plaintiff. The defendant shall have reasonable and liberal visitation.
 3. Commencing on March 1, 2001, the defendant shall pay to the plaintiff the sum of $1,900.00 per week as child support. When the defendant's obligation to support Lyndsay terminates pursuant to General Statutes § 46b-84, the parties should return to court for a redetermination of the support order.
 4. Commencing on March 1, 2001, the defendant shall pay to the plaintiff on the first day of each month $3,750.00 as alimony until March 1, 2009. The defendant's obligation to pay alimony shall end CT Page 3132-cd before the specified date upon the first to occur of any of the following events: the death of either party; the plaintiff's remarriage; the suspension, reduction or termination of this award under General Statutes § 46b-86 (b).
 5. The plaintiff shall maintain for the benefit of the minor children the health insurance that is provided by her present employer. In the event that medical insurance coverage for the children is no longer available to her without cost as an employment benefit, the defendant shall provide medical insurance for the minor children. The parties shall share the costs of the unreimbursed medical expenses, including reasonable payments for dental, orthodontic, psychological, and psychiatric bills, in accordance with the child support guidelines. Except in an emergency, the plaintiff shall confer with the defendant before obtaining any psychological or psychiatric counseling or therapy for a minor child. She shall confer with the defendant before any minor child undergoes elective surgery. The provisions of General Statutes § 46b-84 (e) shall apply to the processing of insurance claims.
 6. For so long as the defendant is obligated to pay alimony, he shall maintain a life insurance policy that provides death benefit to the plaintiff in the amount of $250,000.00 and shall yearly provide evidence to the plaintiff that the policy is being maintained.
 7. For so long as the defendant is obligated to pay support to a minor child, he shall maintain a life insurance policy that designates the child as primary beneficiary of $250,000.00 in death benefits and shall yearly provide evidence to the plaintiff that the policy is being maintained.
 8. The defendant shall retain the cash surrender value of his life insurance policies. He shall not surrender any policy that would nullify the effect of the above orders. CT Page 3132-ce
 9. For so long as a child of the parties is a minor or the parties are obligated to support the child under General Statutes § 46b-84 (b), the plaintiff shall name that child as a primary beneficiary of her life insurance policy.
 10. The plaintiff shall cooperate with the defendant in providing all the necessary notices under COBRA in order for the defendant to obtain group medical/dental insurance benefits through the plaintiff's employer at the defendant's expense.
 11. The plaintiff may reside in the marital home at 248 Catamount Road, Fairfield, Connecticut until March 1, 2006. The plaintiff shall pay the monthly installment payments on the first mortgage and home equity loan and shall be responsible for any and all mortgages, attachments, liens and encumbrances on said property and shall hold the defendant harmless from the same. As soon as practicable after March 1, 2006, the home shall be sold in a reasonable manner and after payment of the expenses of the sale, the first mortgage and the equity loan, the defendant shall be paid $175,000.00 from the proceeds of the sale and the plaintiff and defendant shall equally share the remaining balance of the proceeds.
 12. The defendant shall be the sole owner of the time share in Florida. The plaintiff shall not have any claim or rights to the time share.
 13. Except as provided in the foregoing orders, the plaintiff shall pay all the outstanding liabilities listed on her financial affidavit and in addition thereto shall pay $2,000.00 toward the Macy's debt listed on the defendant's financial affidavit.
 14. Except as provided in the foregoing orders, the defendant shall pay all the outstanding liabilities listed on his financial affidavit.
CT Page 3132-cf
 15. The plaintiff shall retain all the household furniture and furnishings that are located at 248 Catamount Road, Fairfield, Connecticut.
16. The plaintiff shall retain her Fleet Bank checking account.
 17. The defendant shall retain all the household furniture and furnishings that are currently in his possession.
 18. The defendant shall retain his Citibank checking account and the Citibank stock account. He shall be solely responsible for all margin loans and non-purpose loans associated with the stock account.
 19. The plaintiff shall be entitled to claim Brittany as a dependency exemption. The defendant shall be entitled to claim Lyndsay as a dependency exemption.
 20. The defendant shall pay $10,000.00 toward the plaintiff's counsel fees.
THIM, JUDGE