[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
In this family action, the court dissolves the marriage as of the date of this memorandum and enters orders with respect to custody, visitation, support, payment of debts, and related issues.
 I
"General Statutes §§ 46b-81, 46b-82 and 46b-84 set forth the criteria that a trial court must consider when resolving property and alimony disputes in a dissolution of marriage action. The court must consider all of these criteria. . . . It need not, however, make explicit reference to the statutory criteria that it considered in making its decision or make express findings as to each statutory factor. A ritualistic rendition of each an every statutory element would serve no useful purpose. . . . Further, the trial court is vested with wide CT Page 4453 discretion and broad powers in resolving such matters . . . Therefore, the trial court is free to weigh the relevant statutory criteria without having to detail what importance it has assigned to the various statutory factors. Collucci v. Collucci, 33 Conn. App. 536, 539, 636 A.2d 1364
(1994); see also Rummel v. Rummel, 33 Conn. App. 214, 222, 635 A.2d 295
(1993); Savage v. Savage, 25 Conn. App. 693, 701, 596 A.2d 23 (1991)." (Citations omitted; internal quotation marks omitted.) Caffe v. Caffe,240 Conn. 79, 82-3, 689 A.2d 468 (1997)). This court has considered all the criteria.
In June of 2000, plaintiff Elizabeth Vazquez moved to Daytona Beach, Florida, to get away from the defendant and start a new life. Shortly after the move, the parties' three minor children joined her. She and the children live with the plaintiff's boyfriend, whose parents help take care of the children. Although the plaintiff is the one who moved away from the marital home, her conduct was not the major cause of the breakdown of the marriage. Throughout the marriage, the plaintiff always worked diligently to support the family. Early in her career she obtained a GED and para-legal skills. At the time of the parties' marriage, she was employed as a para-legal with a Bridgeport law firm and, during the evening hours, she worked at a bank operations center. From 1994 to 2000, she worked for General Electric, first as a para-legal and then as meetings manager. While employed at General Electric, she earned a salary of $38,000.00 a year and, in addition, earned overtime pay at the rate of $13,000.00 a year. She left General Electric voluntarily and now works in Orlando as a director of operations for a Supertel Wireless office where she earns $477.00 gross a weak. She is thirty-one years old and appears to be in good health.
Defendant Freddie Vazquez, Sr. lives in Bridgeport with his brother. He intends to obtain an apartment in the area. The defendant left school in the tenth grade. He is now thirty years of age and is in good health. Throughout the marriage he has been employed as a landscaper. Since 1995, he has been employed by Lee Horticultural Services in Wilton. He works April through December for the landscape business and earns a yearly income of $30,000. For the past three months (January-March), he has received unemployment compensation of $386.00 a week. In the past, he has spent the winter months caring for the children. This winter he lived in Orlando with his sister. While the defendant has been a good father and loves his children, his past use of illicit drugs was the major factor in the breakdown of the marriage.
The parties agree that they should share joint legal-custody of the children, that the children's primary residence should be with the CT Page 4454 mother, and that they should equally share the cost of airline tickets for the children when they visit the father in Connecticut. They differ, however, on the details of a visitation schedule.
The parties owned a house in Bridgeport that they purchased in July of 1993 for $106,00.00 and recently sold for $130,000.00. They each received an equal share of the sale proceeds. The wife reports no assets on her financial affidavit. The defendant reports assets of $7,825.00.
The recommended current support order under the Child Support Guidelines is $204.00 a week. The plaintiff reports on her financial affidavit child care expenses of $100.00 per week. The child care services are provided by her boyfriend's parents. The defendant incurs expenses when traveling to Florida for visitation.
The court has considered the above circumstances in entering the financial orders set forth in Part II of this memorandum.
 II
The allegations of the cross-complaint are proven. Accordingly, this court finds that the plaintiff whose maiden name was Elizabeth Ruiz, and the defendant were married in Westport, Connecticut, on July 20, 1991; that this court has jurisdiction to dissolve the marriage under General Statutes § 46b-44 (c)(1); that the parities have three minor children issue of the marriage, Freddie Vazquez, Jr., born January 17, 1987; Nathan Onel Vazquez, born August 5, 1989; Tiffany Candace Vazquez, born July 14, 1996; and that the marriage has broken down irretrievably.
The following orders are entered:
1. The marriage is dissolved on the ground of irretrievable breakdown.
2. The parties are awarded joint legal custody of the minor children. The plaintiff mother is awarded primary residential custody.
3. The defendant father shall have flexible, liberal visitation with the children including, but not limited to, the following: During the months of January, February, and March, he shall have visitation rights two weekends each month. During the months of April through December, he shall have visitation rights one weekend each month. The weekend visitation period shall be from Friday 3:30 p.m. to Sunday 8:00 p.m. The defendant shall have a week visitation period each December and April, and one month visitation during the summer. The CT Page 4455 week long visitations shall coincide with the school vacations. The parents shall alternate the Christmas holiday. Christmas 2001 shall be with the plaintiff mother.
4. The plaintiff and defendant shall equally share the cost of the children's airline tickets to Connecticut for the December, April, and summertime visits with the father. The defendant shall pay the cost of his airline ticket for weekend visits.
5. The defendant shall pay to the plaintiff as child support $204.00, which is in accordance with the Child Support Guidelines.
6. The defendant is not ordered to contribute to the costs of child care due to the time that he spends with the children and the cost of his transportation for visitations in Florida.
7. No alimony is awarded to either party.
8. The support obligation may be enforced by way of a wage execution.
9. The plaintiff shall provide such medical insurance coverage for the children as is available to her through her place of employment at a reasonable price. The defendant shall pay thirty-three percent of any unreimbursed medical expenses.
10. The debts that are set forth on the parties' financial affidavits shall be paid as follows: The parties shall each pay fifty per cent of the United Illuminating, Southern Connecticut Gas, Mobil Oil, and Amex-First Bank debts as they existed on March 21, 2001. The defendant shall be solely responsible for the Cablevision, Sears, and Amica Mutual debts, and his Visa card debt.
11. The defendant shall retain sole ownership of the motor vehicles, the bank accounts, and the IRA account that are described on his financial affidavit.
12. The plaintiff shall have the dependency exemptions for the two minor children.
13. The plaintiff's former name is restored to her and she shall henceforth be known as Elizabeth Ruiz.
14. The complaint is dismissed. CT Page 4456
THIM, J.