[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs Michael and Stephanie Knipple allege that the defendant Viking is an Illinois corporation, not registered to transact business in this state, and that defendant McClelland is an agent and representative of Viking, with a business address also in Illinois. The plaintiffs allege that the defendant caused a solicitation to be mailed to their home in Connecticut, regarding the sale of private pay telephones. The plaintiffs allege that they responded to the solicitation, and through a series of correspondences and telephone communications, the defendants knowingly made false representation that they would provide assistance and training with respect to the operation and sale of private pay telephones. The plaintiffs allege that, based on these representations, they agreed to CT Page 10268 purchase five telephones and paid the purchase price, but never received the telephones. The plaintiffs claim against both defendants damages based on breach of contract, violations of the Connecticut Business Opportunity Investment Act, General Statutes § 36-503, and violations of the Connecticut Unfair Trade Practices Act, General Statutes § 42-110a. The defendants move to dismiss the complaint on the basis of lack of personal jurisdiction over both defendants, insufficiency of process with respect to defendant McClelland and forum non conveniens. The basis of the defendants' jurisdictional argument is that the defendants did not transact any business in Connecticut thus subjecting them to the jurisdiction of the Connecticut courts, nor did their negotiations with the plaintiffs satisfy the minimum contacts requirements of the due process clause of the United States Constitution.
The parties apparently do not dispute that all the communications were sent directly to the plaintiffs at their Connecticut residence, or Michael Knipple's place of business in Danbury. In addition, on February 1, 1993, the purchase agreement was mailed to the plaintiffs at their Connecticut residence, where the plaintiffs executed the document.
A challenge to the court's jurisdiction is raised by a motion to dismiss. Park City Hospital v. Commission onHospitals and Health Care, 210 Conn. 697, 702, 556 A.2d 602
(1989). The grounds which may be asserted in this motion are: (1) lack of jurisdiction over the subject matter; (2) lack of jurisdiction over the person; (3) improper venue; (4) insufficiency of process; (5) insufficiency of service of process.Zizka v. Water Pollution Control Authority, 195 Conn. 682, 686,490 A.2d 509 (1985). Also, "[t]he motion to dismiss may be used to raise the doctrine of forum non conveniens." Brown v.Jewett, 4 CSCR 611, 612 (July 18, 1989, O'Connell, J.). "Where a motion to dismiss is `accompanied by supporting affidavits containing undisputed facts, the court may look to their content for determination of the jurisdictional issue. . . .' Barde v.Board of Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988)."Hill v. W.R. Grace Co., 42 Conn. Sup. 25, 27, 598 A.2d 1107
(1991). (1991, Licari, J.).
I. Lack of Personal Jurisdiction
A determination of whether a court may exercise personal jurisdiction over a nonresident defendant CT Page 10269 involves a two-part inquiry. Hart, Nininger Campbell Associates Inc. v. Rogers, 16 Conn. App. 619, 624, 548 A.2d 758 (1988). "The first inquiry is whether the applicable state long arm statute authorizes the assertion of jurisdiction over the [defendant]; and [second], if the statutory requirements are met, whether the exercise of in personam jurisdiction would violate constitutional principles of due process." Id.; Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986). The plaintiff bears the burden of establishing facts pertaining to personal jurisdiction. Lombard Bros., Inc. v. General Asset Management Co., 190 Conn. 245, 250, 460 A.2d 481 (1983); Standard Tallow Corporation v. Jowdy, 190 Conn. 48, 54, 459 A.2d 503 (1983); Chevette v. U-Haul Co. of New Mexico, 7 Conn. App. 617, 621, 510 A.2d 206 (1986).
Gaudio v. Gaudio, 23 Conn. App. 287, 298-99, 580 A.2d 1212
(1990).
A. Personal Jurisdiction over Viking
In order to confer jurisdiction over defendant Viking, the plaintiffs rely on General Statutes § 33-411(c)(1)(4), which provides as follows:
 (c) Every foreign corporation shall be subject to suit in this state, by a resident of this state or by a person having a usual place of business in this state, whether or not such foreign corporation is transacting or has transacted business in this state and whether or not it is engaged exclusively in interstate or foreign commerce, on any cause of action arising as follows: (1) Out of any contract made in this state or to be performed in this state. . . (4) out of tortious conduct in this state, whether arising out of repeated activity or single acts, and whether arising out of misfeasance or nonfeasance.
The plaintiffs have submitted an affidavit and exhibits in opposition to the motion to dismiss, which they argue support their claim that the contract was entered into in Connecticut.
Where the jurisdictional basis for a claim is not CT Page 10270 clear on the face of the record because service is made under the long-arm statutes, additional facts establishing the minimum contacts required by due process may need to be shown. Standard Tallow Corporation v. Jowdy, [supra,] 190 Conn. 48, 54
(1983). Where a motion to dismiss for lack of personal jurisdiction raises a question of fact which cannot be determined from an examination of the record, the burden of proof rests on the plaintiff to present evidence which will establish jurisdiction. Id., 190 Conn. at 54. In meeting this burden of proof, the plaintiff is not required to prove the defendant's liability, but only the commission of acts in relation to the state which justify the court's exercise of jurisdiction. Stephenson, Conn. Civ. Proc. (2nd Ed.) 96, p. 390, citing Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957).
Center Capital Corp. v. Hall, 8 CSCR 793 (June 9, 1993, Dorsey, S.T.R.).
The plaintiffs submitted a copy of the contract, which they allege the defendant mailed to their residence in Connecticut and which they allege was signed by them in Connecticut. "It is clear that for the purposes of § 33-411(c)(1), a contract is considered `made' when and where the last thing is done which is necessary to create an effective agreement." (Citations omitted) Coan v. Bell Atlantic Leasing Systems LeasingIntern., Inc., 813 F. Sup. 929 (D. Conn. 1990); see alsoMcFaddin v. National Executive Search, Inc., 354 F. Sup. 1166
(D.Conn. 1973) (construing provisions of General Statutes § 33-411(c)(1)). Contrary to the plaintiffs' representations, however, the cover sheet attached to the contract by Viking, dated February 5, 1991, which was submitted by the plaintiffs, indicates that the plaintiffs first signed the contract on February 1, 1991 and mailed it to Viking in Illinois, where it was then returned to the plaintiffs on February 5, 1991, signed by McClelland, Viking's agent. Accordingly, the contract was made in Illinois, where the defendant executed the contract already signed by the plaintiffs, thus accepting the plaintiffs offer. See, e.g., Lyons v. Adgraphics, Inc., 14 Conn. App. 252,255, 540 A.2d 348 (1988) ("Acceptance is operative, if transmitted . . . as soon as it is put out of the offeree's possession . . . ."). In addition, it was undisputed that the contract was to be performed in New York, where the plaintiffs attempted to CT Page 10271 have the phones installed by an agent of the plaintiffs. The plaintiff offered no evidence that demonstrates any performance in Connecticut. Therefore, the plaintiffs have failed to sustain their burden of proving that the contract was made or performed in Connecticut, as required under General Statutes § 33-411(c)(1).
The plaintiffs also argue that personal jurisdiction is conferred over Viking by virtue of General Statutes § 33-411(c)(4), quoted above. The plaintiffs, in their opposition to the motion to dismiss, argue that "Viking committed tortious conduct in this state in that it offered for sale and sold business opportunities in this state without complying with the Connecticut Business Opportunity Investment Act." As noted, where a question of fact with respect to a jurisdictional issue cannot be determined from an examination of the record, the burden of proof rests on the plaintiff to present evidence which will establish jurisdiction. Standard Tallow Corporation v.Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983); Center CapitalCorp. v. Hall, supra, 8 CSCR 793. The plaintiffs have attached two letters from Viking's agents, one apparently an informational form letter, which describes the defendants' products and product support services. The plaintiffs failed to offer any evidence to support or substantiate their assertions that the defendant committed "tortious conduct." Therefore, the assertions are merely conclusory, and are therefore insufficient to confer jurisdiction. See Spicer's International Inc. v.WJMK, Inc., 8 CSCR 1156 (October 14, 1993, Moraghan, J.) (plaintiff's conclusory assertions of defendant's fraudulent misrepresentation were factually inadequate to create minimum contacts under General Statutes § 33-411(c)(4)); cf. Center Capital Corp.v. Hall, supra, 8 CSCR 793 (plaintiff sustained burden of proving personal jurisdiction under General Statutes § 33-411 (c)(4) by presenting evidence that proved for purposes of establishing jurisdiction that tortious misrepresentations occurred). The plaintiffs have failed to support their bald assertions of tortious conduct in order to satisfy General Statutes § 33-411(c)(4), and accordingly, the motion to dismiss for lack of personal jurisdiction is granted.
B. Personal Jurisdiction over McClelland
The plaintiffs argue that personal jurisdiction over defendant McClelland is conferred by General Statutes § 52-59b(a)(3), which provides as follows: CT Page 10272
 As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through his agent: . . . (3) commits a tortious act outside the state causing injury to a person or property within the state . . . if he (A) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce.
The determination of personal jurisdiction under General Statutes § 52-59b(a)(3) requires a finding under subsections (3)(A) or (B) that the defendant "regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." See Hagar v. Zaidman, 797 F. Sup. 132, 137 (D.Conn. 1992). Assuming for the purposes of this motion only that the defendant committed some form of tortious activity outside the state, the plaintiffs have failed to offer any evidence supporting the requirements of § 52-59b(c)(3)(A) or (B). Although the plaintiffs assert that defendant Viking derived some revenue from the particular contract at issue, no evidence was offered demonstrating that the defendant McClelland derived substantial revenue from interstate commerce. The plaintiffs submitted a copy of an advertisement in the classified section of the USA Today offering the sale of pay phones. However, no name is given in the add tying it to the defendant, and the advertisement is silent as to the amount of revenue derived from interstate commerce by the advertiser. Accordingly, the plaintiffs have failed to establish facts that would confer jurisdiction over defendant McClelland under General Statutes § 52-59b(c)(3). Therefore, the defendant's motion to dismiss is granted as to defendant McClelland.
Because Connecticut's long-arm statutes were not satisfied for either defendant, the court need not inquire as to whether the minimum contacts requirements of the due process clause have CT Page 10273 been satisfied. In addition, because of the conclusion that Connecticut's long-arm statutes did not confer jurisdiction over the defendants, the other issue raised by the defendants' motion to dismiss need not be reached.
/s/ Sylvester, J. SYLVESTER