[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE MOTION TO DISMISS
On July 21, 1994, the plaintiff, Arnold Margolis, filed a complaint against the defendants, Glen Gillam and Terrence R. Kershner, alleging (1) defamation; (2) defamation with reckless disregard or malice; and (3) tortious interference with a business expectancy. On September 13, 1994, Kershner filed a motion to CT Page 1633-P dismiss for lack of personal jurisdiction. This motion was accompanied by a supporting memorandum of law and the affidavit of Terrence R. Kershner. On September 28, 1994, Gillam filed a motion to dismiss for lack of personal jurisdiction. This motion was accompanied by a supporting memorandum of law[1] and the affidavit of Glen Gillam. On October 28, 1994, the plaintiff filed a response to the defendants' motions to dismiss. This response was accompanied by the deposition of Peter Leavitt taken pursuant to a prior action between the plaintiff and Sweet Life Foods.
The plaintiff alleges the following facts. In July, 1992, the plaintiff was offered and accepted the position of Director of Health and Beauty Aids for Sweet Life Foods. At the end of July, 1992, the vice-president of Sweet Life Foods, Peter Leavitt, contacted Gillam and Kershner for information about the plaintiff. Gillam is a resident of Canton, Massachusetts. Kershner is a resident of Greenville, Rhode Island. Neither Gillam nor Kershner was an agent of Sweet Life Foods at the time of the communication. Neither Gillam nor Kershner was listed as one of the plaintiff's references in connection with the plaintiff's job application with Sweet Life Foods. Neither Gillam nor Kershner had any direct CT Page 1633-Q business with the plaintiff.
Gillam allegedly told Leavitt: that the plaintiff would not "fit" with Sweet Life Foods; that the plaintiff's philosophy of doing business was different than that of Sweet Life's; that the plaintiff was "arrogant" and a "strong-willed person"; and that the plaintiff "strong arms" vendors by bullying, pressuring and threatening them.
Kershner allegedly told Leavitt: that he questioned the plaintiff's "fit" with Sweet Life Foods; that the plaintiff used questionable business practices and described the plaintiff as being exceedingly tough and pressuring; and that the plaintiff did not work well with people within the Health and Beauty Care General Merchandising Department."
On August 5, 1992, representatives of Sweet Life Foods met with the plaintiff and informed him that, due to information they had received about him, they were not going to comply with the employment contract. On August 10, 1992, Sweet Life sent the plaintiff a letter revoking the offer of employment. CT Page 1633-R
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis omitted.) Gurliacci v. Mayer, 218 Conn. 531,544, 590 A.2d 914 (1991), quoting Baskin's Appeal fromProbate, 194 Conn. 635, 640, 484 A.2d 934 (1984).
The lack of personal jurisdiction is a proper basis for a motion to dismiss. Chrysler Credit Corporation v. FairfieldChrysler-Plymouth, 180 Conn. 223, 226, 429 A.2d 478 (1980). "Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver." (Internal quotation marks omitted.) Rummel v. Rummel, 33 Conn. App. 214, 218, 635 A.2d 295
(1993). "Any claim of lack of jurisdiction over the person . . . is waived if not raised by a motion to dismiss filed in the sequence provided in [Practice Book] Secs. 112 and 113 and within the time period provided by [Practice Book] Sec. 142." Id., 219, quoting Practice Book § 144.
A motion to dismiss "shall always be filed with a supporting CT Page 1633-S memorandum of law, and where appropriate, with supporting affidavits as to facts not apparent on the record." Tamm v. Burns,222 Conn. 280, 282, n. 2, 610 A.2d 590 (1992), quoting Practice Book § 143. The motion to dismiss admits all facts well pleaded and the complaint is to be construed most favorably to the plaintiff. Duguay v. Hopkins, 191 Conn. 222, 227, 464 A.2d 45
(1983).
"[T]he burden of proof [is] on the defendant as to jurisdictional issues raised [and] is based on the presumption of truth of the matter's stated in the officer's return." StandardTallow Corporation v. Jowdy, 190 Conn. 48, 53, 459 A.2d 503 (1983). This burden shifts to the plaintiff, however, when jurisdiction is created by a long-arm statute or constructive service is used. Id., 54. "When a motion to dismiss for lack of personal jurisdiction raises a factual question which is not determinable from the face of the record, the burden of proof is on the plaintiff to present evidence which will establish jurisdiction." Id.
Both Gillam and Kershner argue that the present action should CT Page 1633-T be dismissed for lack of personal jurisdiction; they claim insufficient minimum contacts with the State of Connecticut, as required by General Statutes § 52-59b.
The plaintiff argues that personal jurisdiction is appropriate over the defendants, pursuant to § 52-59b(a)(2), because the tort occurred in the State of Connecticut. Alternatively, the plaintiff argues that jurisdiction is proper, pursuant to § 52-59b(a)(3), because the tortious conduct had effects in the State of Connecticut. Lastly, the plaintiff argues that jurisdiction is proper because both defendants derive income from interstate commerce, thereby satisfying the requirements of §52-59b(a)(3)(B).
In deciding a procedural challenge to personal jurisdiction over a nonresident, the court is faced with a two-step inquiry.Frazer v. McGowan, 198 Conn. 243, 246, 502 A.2d 905 (1986). The first inquiry is "whether the applicable state long-arm statute authorizes the assertion of jurisdiction over the [nonresident]." Id. If the statutory requirements are met, the court must then determine "whether the exercise of jurisdiction CT Page 1633-U over the . . . [nonresident] would violate constitutional principles of due process." Id. "Only if personal jurisdiction has attached under state law does the court reach the constitutional question of whether due process is offended thereby." United States Trust Co.v. Bohart, 197 Conn. 34, 39, 495 A.2d 1034 (1985).
General Statute § 52-59b states, in pertinent part:
 (a) As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any nonresident individual . . . who in person or through an agent: (1) Transacts any business within the state; or (2) commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or (3) commits a tortious act outside the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he (A) CT Page 1633-V regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or (B) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or (4) owns, uses or possesses any real property situated within the state.
The only provisions of § 52-59b possibly applicable in the present case are (a)(2) and (a)(3). Sub-section (a)(1) of § 52-59b
is inapplicable, since neither Gillam nor Kershner has ever personally transacted any business within the State of Connecticut. Sub-section (a)(4) of § 52-59b is inapplicable, since neither Gillam nor Kershner has at any time personally owned, used or possessed any real property situated within the State of Connecticut.
Sub-sections (a)(2) and (a)(3) of § 52-59b expressly exclude CT Page 1633-W a cause of action for defamation of character arising from the act as a basis of jurisdiction. In the present action, count one of the plaintiff's complaint alleges a cause of action for defamation and count two alleges a cause of action for defamation with reckless disregard or malice. Counts one and two of the plaintiff's complaint are dismissed in that § 52-59b specifically exempts torts based on defamation of character from torts which would support jurisdiction over non-residents.
Count three of the plaintiff's complaint alleges a cause of action for tortious interference with a business expectancy. Since the allegations contained in count three must be accepted as true for the purposes of this motion, the only determination to be made is whether they bring this case within the scope of sub-sections (a)(2) or (a)(3) of § 52-59b. Such an allegation would fall within the scope of sub-section (a)(2) as the commission of "a tortious act within the state," thereby qualifying for purposes of long-arm jurisdiction. General Statutes § 52-59b(a)(2).
Once the statutory requirements are met, the court must determine "whether the exercise of jurisdiction over the. CT Page 1633-X [nonresident] would violate constitutional principles of due process." Frazer v. McGowan, supra, 198 Conn. 246. "The United States constitution allows state courts to assert jurisdiction over nonresident defendants only when minimum contacts exist between the defendant and the forum state." Gaudio v. Gaudio, 23 Conn. App. 287,299, 580 A.2d 1212 (1990). "The nature of these contacts must be such that requiring the defendant to defend in the forum state does not offend traditional notions of fair play and substantial justice." (Internal quotation marks omitted.) Frazer v. McGowan,
supra, 198 Conn. 252.
"The twin touch stones of due process analysis under the minimal contacts doctrine are foreseeability and fairness. The foreseeability that is critical to due process analysis . . . is that the defendant's conduct and connection with the forum State are such that he could reasonably anticipate being hailed into court there." (Internal quotation marks omitted.) United StatesTrust Co. v. Bohart, supra, 197 Conn. 39. "All that is required is sufficient contact to make it reasonable and just, according to our traditional notions of fair play and substantial justice, to permit the state to enforce the obligations incurred there." Wedig v.CT Page 1633-YBrinster, 1 Conn. App. 123, 129, 469 A.2d 783 (1983).
The facts before the court do not demonstrate that Gillam or Kershner engaged in any purposeful activity which should have led them to reasonably anticipate being hailed into court in Connecticut. Neither has ever personally transacted any business within the State of Connecticut; neither has ever regularly done or solicited business, or engaged in any persistent course of conduct, or derived substantial revenue from goods used or consumed or services rendered in the State of Connecticut; neither has at any time derived substantial revenue from interstate or international commerce; neither has at any time personally owned, used or possessed any real property situated within the State of Connecticut; in fact, neither Gillam nor Kershner has sent one letter or has made one telephone call out of which the alleged injuries could have resulted. See generally Center Capital Corp.v. Hall, 8 CSCR 793 (June 9, 1993, Dorsey, J.); David v. Weizman,677 F. Sup. 95, 99 (D. Conn. 1987) (defendants' sole contact with Connecticut was to send into it by mail and telephone fraudulent misrepresentations); Brown v. Flowers Industries, Inc., 688 F.2d 328
(5th Cir. 1982), cert. denied, 460 U.S. 1023 (1983) (single CT Page 1633-Z defamatory telephone call from outside state conferring long-arm jurisdiction meets due process requirements); Froess v. Bulman,610 F. Sup. 332, 336-37 (D.R.I. 1984) (single defamatory letter sufficient to comply with due process requirements); and McFaddenv. National Executive Search, Inc., 354 F. Sup. 1166, 1171 (D. Conn. 1973) (false representations entering Connecticut by wire or mail).
Center Capital Corp. v. Hall, supra, 8 CSCR 793, proffered by the plaintiff in support of his opposition to the defendants' motion to dismiss, is distinguishable from the present case. InCenter Capital, the court held:
 The facts before the court demonstrate that Hall and Shelby Williams engaged in purposeful activity which could have led them to reasonably anticipate being hailed into Connecticut's courts. Hall and Shelby Williams admit that Hall wrote the Letter, addressed to Center Capital in Connecticut. The Letter contained statements which were CT Page 1633-AA false, and known by Hall to be false. One who causes fraudulent misrepresentations to be communicated to Connecticut, either in person or through their agent, in order to induce a Connecticut corporation to act thereon, cannot claim surprise when called upon to answer in a Connecticut court.
Id., 795.
The instant matter arises from disparate factual circumstances. Neither Gillam nor Kershner "engaged in [any] purposeful activity which could have led them to reasonably anticipate being hailed into Connecticut's courts." Id. The defendants did not initiate any conduct within Connecticut, but rather, merely received a telephone call during which they responded to inquiries concerning the plaintiff. Such behavior is not the equivalent of the purposeful activity that was present inCenter Capital, and, thus, cannot rise to the level of tortious conduct for the purposes of a jurisdictional analysis. CT Page 1633-BB
Accordingly, the defendants' motion to dismiss is granted.
Robert A. Martin, Judge