[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action, by writ, summons and complaint first came to this Court on April 27, 1995 with a return date of May 9, 1995.
The Complaint in the prayer for relief sought a CT Page 1772 dissolution of marriage, custody, support, alimony, and a fair and equitable distribution of assets, restoration of maiden name and other relief.
The Defendant filed an appearance by counsel on July 21, 1995.
On April 25, 1996 new counsel appeared for the Plaintiff.
On February 10, 1997 new counsel appeared for the Defendant.
The action having been claimed to the Family Relations list the parties and their respective counsel appeared before the Court and were heard on February 11, 1997.
FINDINGS OF FACT
The Court having heard the evidence makes the following findings of fact.
The Plaintiff and the Defendant were married on September 11, 1993 in the Taftville section of the Town of Norwich.
The parties have resided in Connecticut for more than one year prior to the instant action being commenced.
There is one minor child issue of the parties born July 17, 1993, namely, Kelsey Nicole Parker.
The minor child has resided with the Plaintiff mother since birth.
The Plaintiff's maiden name was Vicki L. Neault.
The Defendant admitted to the Plaintiff that he had relationships with other women during the marriage.
The Defendant had a problem with the immoderate use of alcohol.
The residence of the parties at 8 Westminster Road in Sprague was made available to the parties through Defendant's CT Page 1773 parents by the parties taking over the mortgage.
The financial affidavits of the parties disclosed either a zero or minus equity in the real estate.
At one time the Defendant was employed at the Foxwoods Casino but no longer works there.
Defendant is presently anticipating the receipt of workmen's compensation for an injury sustained at SRS Communications where he is employed as a cable installer. The estimated compensation payments are expected to be $250.00 weekly.
Plaintiff presently, and for some time past, has resided at her parents' home.
Defendant has attended college and has training in business and science.
Defendant recently filed for bankruptcy but elected to keep the house and the leased Acura automobile.
The residence at 8 Westminster Road is a two-family residence and Defendant derives some income from the downstairs unit.
At one point while the dissolution petition was pending, the Plaintiff sought and was granted a Protective Order by the Court due to the Defendant's actions.
On one occasion the Defendant damaged the Plaintiff's automobile.
The Plaintiff has been employed at Foxwoods Casino four days a week from 1992.
Plaintiff's grandmother assists in caring for the minor child while the Plaintiff is employed.
Plaintiff attended and completed the parenting program, the Defendant did not.
Plaintiff's parents assist in minding the minor child and providing transportation. CT Page 1774
Plaintiff's father, Conrad Neault, and the Defendant had a physical altercation at the Neault residence due to the Defendant's conduct involving members of the Neault family.
Plaintiff pays her parents for room and board while living in their home.
Plaintiff's mother, June M. Neault, was advised by Defendant that he would "take care of her daughter" and threatened Plaintiff's life.
Dorothy Parker, Defendant's mother, has a tolerably good relationship with the Plaintiff and loves her granddaughter, buys the child gifts and toys.
Mrs. Parker is willing to assist in visitation arrangements between the parties.
The Defendant's right arm is presently in a cast from his shoulder to his elbow.
Both parties appear in generally good health.
The Plaintiff's education extended through one year in college.
The Plaintiff testified at length in the proceedings.
The Defendant did not testify.
THE COURT ON THE BASIS OF THE FOREGOING FINDINGS ENTERS THE FOLLOWING ORDERS.
The marriage of the parties has irretrievably broken down and the Court dissolves the marriage and the parties are each declared to be single and unmarried.
The parties shall have joint legal custody of the minor child Kelsey Nicole Parker with the Plaintiff wife being the primary physical custodian of the child.
The parties shall each share all relevant information concerning the child each with the other. CT Page 1775
The Family Relations Division of the Court has been contacted and will undertake a study as to visitation by the Defendant with the minor child and make a report to the Court at the earliest possible date.
Pending receipt of such report, the Defendant shall have the following visitation with the minor child.
Every other Saturday between the hours of 8:00 a.m. to 7:00 p. m.
On the intervening Sunday from 8:00 a.m. to 7:00 p. m., Defendant is not to consume any alcohol prior to, or during, any visitation with the child.
Defendant shall pay to the Plaintiff as child support $110.00 weekly.
Upon receipt of workmen's compensation benefits, support shall be in accordance with Child Support Guidelines.
Defendant shall promptly inform Plaintiff as to any changes in employment and the name and address of any new employer.
No later than April 1 of each year, Defendant shall provide Plaintiff with a copy of any W-2 form issued to him. As of February 11, 1997, the determined arrearage due Plaintiff from Defendant for support is to the amount of $3,470.00.
So long as any arrearage remains outstanding, the Defendant shall deliver to Plaintiff all or such portion thereof as may be necessary to liquidate said obligation any federal or State income tax refund.
Defendant shall provide Plaintiff with the name and address of any attorney representing him in his workmen's compensation claim.
Defendant shall promptly inform Plaintiff of his receipt of workmen's compensation benefits either periodic or lump sum.
Plaintiff shall transfer her interest in 8 Westminster Road, Sprague to the Defendant, and the Defendant shall pay the CT Page 1776 mortgage, taxes and insurance on said premises and hold the Plaintiff harmless therefrom.
Defendant shall provide and maintain medical insurance for the benefit of the minor child as available through his place of employment.
All uncovered medical expenses shall be equally apportioned between the Plaintiff and the Defendant.
The provisions of Connecticut General Statute §§ 46b-84(c) and (d) shall apply concerning the processing and payment of insurance claims.
Each party shall pay the debts listed on their financial affidavits and hold the other harmless therefrom.
No alimony is awarded to either party as no request for alimony has been made by either.
Defendant is directed pursuant to agreement between the parties and their counsel to close out his 401K account at Foxwoods in the approximate amount of $3,000.00 and apply the same against the outstanding arrearage of support as soon as may reasonably be done.
Plaintiff shall be entitled to claim the minor child as a tax exemption for 1996 mindful of the respective financial positions of the parties and the support arrearage.
Each party shall be responsible for the lease payments on their respective motor vehicles, the 1995 Acura of the Plaintiff and the 1994 Acura of the Defendant.
Both of the parties shall cooperate with Family Relations concerning the ongoing inquiry as to appropriate visitation between the minor child and the Defendant.
The Court in arriving at its decision has considered the provisions of Connecticut General Statutes §§ 46b-81,46b-82 and 46b-84, citing Caffe vs. Caffe, 240 Conn. 79
(1997).
Austin, J. CT Page 1777