[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by writ, summons and complaint dated April 12, 1996 and filed on May 6, 1996 with a return date of May 14, 1996 seeking a dissolution of marriage, joint custody of the minor child, child support, and other relief as of record appears.
The Defendant appeared by counsel on May 29, 1996. CT Page 2969
An answer to the Complaint was filed on August 30, 1996.
In due course, the matter was claimed for the Family Relations Trial list.
The Plaintiff and the Defendant with their respective counsel appeared before the Court on February 21, 1997 and were heard.
FINDINGS OF FACT
The Court having heard the evidence makes the following findings of fact.
The Plaintiff and the Defendant were married on December 17, 1983 in Middletown, Connecticut.
The Plaintiff's maiden name was Nancy E. Wethje.
The parties have resided in Connecticut for more than twelve months prior to the commencement of the instant complaint.
There is one minor child issue of this union whose name is David Alan Spitzmacher, born April 21, 1986.
Neither party is or has been the recipient of State welfare or assistance.
The Plaintiff is employed by ITT Hartford as a support analyst and earns approximately $43,000.00 annually.
Plaintiff has been employed by the Hartford group for 18 years, either full or part-time.
Plaintiff presently resides in a rented condominium in Newington.
Plaintiff left the marital home in January, 1996.
Plaintiff is age 41. The Defendant is age 50. Both parties appear in good health although the Defendant has undergone heart surgery.
Plaintiff's education extended through one year of college.
Defendant's education extended through completion of High CT Page 2970 School.
Both parties successfully completed the Parenting Education Program.
The Defendant is employed by Fleet Bank as a computer programmer.
Defendant has been engaged in the computer field for 27 years.
Defendant was previously employed by Shawmut Bank and Society for Savings.
Defendant has two children issue of a prior marriage, Michael and Brian, who were ages 9 and 6 at the time of the marriage of the parties.
Michael and Brian were part of the household of the parties, and both the Plaintiff and the Defendant participated in their upbringing, education and training.
Originally, the parties acquired a lot of land, now known as 944 Middletown Road, Colchester, with the intention of building a home thereon.
Defendant provided the initial payment for the land in the amount of $25,000.00 from his Society for Savings bank account.
In due course, the parties built a home on the lot and secured a mortgage.
The present outstanding balance due on the mortgage is approximately $41,000.00±.
Problems developed in the home concerning the conduct and disciplining of Defendant's two boys by his prior marriage.
Defendant was oftentimes obliged to work late hours due to the nature of his work and the installation of Unisys computer systems for his employer.
Constant arguments between the parties developed from 1995 to the present. CT Page 2971
The parties did seek counseling and both participated in counseling.
There was a minimal degree of social activity outside the home by the parties.
There has not been any meaningful discussion as to trying to solve problems between the parties for the last three years.
Plaintiff sought to raise Defendant's sons Michael and Brian, issue of his first marriage, as her own.
Plaintiff accused the Defendant of having an affair with a co-worker, but the only evidence presented to the Court was that Defendant on one occasion had dinner with a co-worker.
There was one incident where Plaintiff's robe was torn, but no physical violence done to her person, and on that occasion, Plaintiff left the residence and spent the night at a motel.
The residence of the parties at 944 Middletown Road, Colchester has been exposed for sale and the parties have received an offer in the amount of $130,000.00, which they are in the process of accepting.
The Defendant expended considerable time and effort on a variety of projects on the home and grounds improving the same.
There were several short-term separations between the parties due to arguments and/or lack of communication between the parties.
On one occasion when the Defendant was unemployed, he asked the Plaintiff to submit his employment resume to her employer, which she declined to do.
Plaintiff has only one modest debt to Visa. The Defendant's affidavit discloses no debts.
The Defendant has been paying support pendente lite in the amount of $150.00 a week.
The Plaintiff's weekly gross income from earnings is $865.00, Plaintiff's net income per her affidavit is $448.00. CT Page 2972
The Defendant's weekly gross income from earnings is $984.61, Defendant's net income per his affidavit is $558.72.
The marriage has irretrievably broken down.
The conduct of neither party was the sole contributing factor or cause of the marital breakdown.
ON THE BASIS OF THE FOREGOING, THE COURT ENTERS THE FOLLOWING ORDERS.
The marriage is dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried.
The Plaintiff and the Defendant shall have joint legal custody of the minor child, David Alan Spitzmacher, born April 21, 1986, with the Plaintiff wife being the primary custodial parent.[1]
The Defendant shall have reasonable rights of visitation with the minor child including alternate weekends from 5:30 p. m. on Friday to 7:00 p. m. on Sunday. Defendant shall provide suitable transportation incident to the visitation.
Defendant shall have at least two consecutive weeks vacation with the minor during the summer with notice to the Plaintiff by May 1 as to the requested time.
Defendant shall endeavor to have the minor child attend all reasonable extracurricular activities while in his care.
The parties shall alternate the following legal holidays beginning with Easter to the Defendant; Thanksgiving, Christmas Eve, Christmas Day.
The Defendant shall pay as child support the sum of $150.00 per week.
Plaintiff shall maintain medical insurance for the benefit of the minor child as available through her place of employment.
In the event that Plaintiff should be unable to provide said coverage as aforesaid, the Defendant shall provide the same. Defendant currently provides medical coverage for his son Brian, CT Page 2973 issue of a prior union.
Any and all uninsured and/or unreimbursed expenses shall be apportioned on an equal basis between Plaintiff and Defendant.
The provisions of Connecticut General Statute §§ 46b-84
(c) and (d) shall apply concerning the processing and payment of insurance claims.
The Court proceeds on the premise that each of the parties out of an abiding love and affection for their son will do the very best they can for him in all things.
Therefore, all major issues involving the minor son, David Alan Spitzmacher, shall be peacefully discussed between the parties. Neither party shall disparage the other.
Reasonable costs involving extracurricular activities shall be equally apportioned between the parties.
No periodic alimony is awarded to either party.
The parties have agreed to sell the real estate and improvements thereon known as 944 Middletown Road, Colchester to certain buyers and have agreed to execute the proffered real estate contract.
The agreed selling price is $130,000.00. From the sale proceeds, there shall be paid the mortgage, the real estate commission, if any, and any allied expenses of sale, including attorneys' fees attributable to the sale, and taxes as may be due as well as any expenditures as may be necessary to consummate the sale and comply with all statutory, zoning or health regulations.
From the remaining proceeds, the Defendant shall receive $15,000.00 in recognition of his original contribution for the lot purchase, which admittedly was $25,000.00.
The balance of the proceeds remaining shall be equally divided between the Plaintiff and the Defendant, one half to each.
Plaintiff shall have all the right, title and interest in a certain 1993 Pontiac Grand Am motor vehicle and Defendant shall have all right, title and interest in the 1989 Dodge Dakota. CT Page 2974
Each party will execute any documents necessary to effect the establishment of a proper certificate of title in said motor vehicle.
The Plaintiff may retain the following bank funds as shown on her affidavit, American Savings, checking — $300.00; American Savings, savings — $2,700.00.
As to the Farmers and Mechanics Certificate of Deposit in joint names in the amount of $17,000.00, the Plaintiff shall have $10,000.00 of said deposit and the Defendant $7,000.00.
Plaintiff may retain the three small Series E Savings bonds, total value $100.00.
Defendant may retain the following bank funds shown on his affidavit, Farmers and Mechanics, checking — $489.89; Farmers and Mechanics, savings — $4,210.21.
The Plaintiff may retain her I.R.A. with Savings Society of Norwich, $9,000.00 and her 401K ITT Hartford account, $63,635.00.
Defendant may retain his Employee Thrift Plan, $17,000.00 and Self-Directed I.R.A., $60,000.00.
The $11,000.00 annuity shown on Defendant's financial affidavit shall be equally divided.
The parties shall each provide a life insurance policy in the amount of $50,000.00 naming the minor child, David Alan Spitzmacher, as irrevocable beneficiary, which shall be maintained and kept in full force and effect during the child's minority.
The parties shall alternate in taking the child as a tax exemption with the Defendant entitled in 1997.
There is an attached schedule as to items of personal property and furnishings.
As to those items that bear a check mark, they are already in the possession of the Plaintiff.
As to those items where Plaintiff's name "Nancy" appears CT Page 2975 opposite the item, the Plaintiff shall have those items.
The remaining items may remain the property of the Defendant.
It is contemplated that some of the items will remain until the real estate transaction is firmed up and the buyer's mortgage commitment secured, and/or until the Defendant who is occupying the premises vacates the same.
The items are to be safeguarded and protected until delivered to the Plaintiff.
Absent a written agreement signed by the parties which the Court believes does not presently exist, the Court can enter no order as to matters of higher education or college involving the minor child extending beyond majority. As to majority, see C.G.S. § 46b-84 (b) regarding completing the twelfth grade or attaining age 19.
Each party shall be responsible for their own attorney's fees.
In arriving at its decision, the Court has considered the provisions of C.G.S. §§ 46b-81, 46b-82 and 46b-84. See Caffevs. Caffe, 240 Conn. 79 (1997).
In apportioning the assets as best the Court is able in a just and equitable fashion, mindful that there was no request for periodic alimony by either party, the Court exercises its general equitable power. See Lord vs. Lord, 44 Conn. 370, 1997.
Austin, J.