[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action was commenced by writ, summons and complaint dated March 26, 1996, filed April 8, 1996 with a return date of April 30, 1996 in which complaint the Plaintiff wife sought a Legal Separation-Dissolution of marriage, alimony and alimony pendente lite, allocation of debt, maintenance of medical insurance, exclusive use and possession of the marital residence, an equitable division of the Defendant's pension and other relief as of record appears.
The Plaintiff was represented by counsel.
Counsel for the Defendant appeared on May 16, 1996.
On May 28, 1996 the Court, Hendel J., entered an order of temporary alimony in favor of the Plaintiff wife in the amount of $140.00 per week.
Initial financial affidavits were filed by the parties on April 30, 1996 and May 28, 1996.
On July 8, 1996, the Defendant husband filed an Answer to the Complaint and a Cross Complaint, in which Cross Complaint the Defendant claimed a dissolution of the marriage, a fair and equitable property settlement and other relief as of record appears. CT Page 3792
A claim for the Family Relations Trial list was filed on September 25, 1996. On March 31, 1997 a document entitled "Agreement of the Parties" was filed, in which document the counsel for the Plaintiff and Defendant stipulated that the current value of certain real estate known as 2 Fortin Drive is $100,000.00.
The case came on for hearing before the Court on April 15, 1997 and continued on April 16, 1997 to a conclusion. The Plaintiff and the Defendant and their respective counsel were present throughout the hearing.
THE COURT MAKES THE FOLLOWING FINDINGS OF FACT.
The Plaintiff was married to the Defendant on October 1, 1972 in Baltic, part of the Town of Sprague.
The Plaintiff's maiden name was Freeman.
The Plaintiff and the Defendant have been residents of Connecticut for many years.
There are no minor children issue of this marital union.
Neither the Plaintiff nor the Defendant have been the recipients of welfare assistance by the State or any town.
At time of trial, the Plaintiff indicated that she desired a dissolution of the marriage and not a legal separation.
The Plaintiff is a licensed and certified home health aide and has been since 1990.
Plaintiff took a training course and performed the required hours of practical application to secure her license.
Plaintiff works privately as a health aide for elderly ladies and generally receives $8.00 per hour.
Plaintiff travels to the homes of her clients.
Plaintiff worked for the United Agency of Norwich doing health aide work May 1990 to the fall of 1992. CT Page 3793
At the United Agency her rate of compensation was $7.65 hourly.
Plaintiff has worked on a part-time basis.
Plaintiff was out of work for several months due to a knee injury.
Plaintiff subsequently received a settlement from the Workmen's Compensation Fund.
When the parties were first married, the Plaintiff was employed by Capheart doing cabinet work. This lasted for about a year and one-half and ended in 1973.
Plaintiff performed the usual household duties of laundry, cleaning and grocery shopping.
This marriage is the second marriage for both the Plaintiff and the Defendant.
At the time of the marriage of the parties on October 1, 1972, the Plaintiff had three minor children issue of a prior marriage, all of whom resided with the Plaintiff and Defendant.
In 1972 these three children were ages six, ten and twelve.
These children remained in the home until at least 1984 when the youngest attained majority.
The Defendant has been gainfully employed throughout the entire marriage.
The education of the Plaintiff and the Defendant extended through completing high school.
The Plaintiff is age 57 and enjoys basically good health except for some arthritis in the left knee and hip.
Plaintiff's condition does not require regular medication.
Plaintiff injured her knee in the winter of 1991 at a CT Page 3794 client's home.
Plaintiff's earnings have been modest and she usually works a limited number of hours each week; usually about twelve.
The remainder of the week the Plaintiff is a homemaker.
The real estate known as 2 Fortin Drive, Baltic was originally purchased by the Plaintiff and her first husband in 1964.
Plaintiff divorced her first husband, Mr. Higgins, in 1971 and received title to the real estate at that time.
Plaintiff valued the real estate at $50,000.00 at the time of her marriage to the Defendant herein.
For the purposes of this proceeding, the Plaintiff and Defendant stipulated that the value of the premises at 2 Fortin Drive was $100,000.00.
The premises are a split-level, single-family residence, three bedrooms, two baths situated on three-quarters of an acre of land in a rural setting.
Plaintiff testified the residence has a special meaning to her and is the home in which her children grew up.
There is no mortgage on the residence. It was paid off in 1991. The monthly payments had been $85.00.
The mortgage payoff in 1991 was achieved in part by receipt by the Plaintiff of $5,000.00 from her Workmen's Compensation claim.
Plaintiff also received $5,000.00 from her late mother.
The mortgage had been held by the Norwich Savings Bank.
Plaintiff kept all the books and records and wrote out all the checks. CT Page 3795
The Defendant gave Plaintiff between $160.00 and $180.00 weekly.
Plaintiff received support of $51.00 weekly for support of her children issue of her first marriage.
The support decreased as the children attained their majority.
Defendant paid for repairs and improvements to the Fortin Drive premises including painting, siding, new roof and an additional bath. A loan was taken out at the Credit Union for this purpose.
Defendant did electrical work on the premises and maintained the grounds.
Plaintiff has no debts except what may be owed to counsel.
Plaintiff complained that the Defendant would go on vacation without her.
Plaintiff complained that the Defendant drank spirits to excess regularly and gambled frequently at the casino, but the record does not support those claims. Plaintiff claimed that the Defendant lied and was untruthful, but the Court found him to be candid and forthright.
The Defendant suggested counseling, but this only occurred once.
The original cost of the Fortin Drive property in 1964 was $17,000.00.
Plaintiff's hourly charge to clients is at least $8.00
In November of 1994, Plaintiff's son, Sean Higgins, gave her $5,000.00.
In 1995, Plaintiff's son gave her another $5,000.00.
In 1991, Plaintiff's son, Sean Higgins, won the lottery in the amount of 4.7 million dollars. CT Page 3796
Plaintiff's son gave her the 1994 Dodge Van shown on her affidavit.
Plaintiff's son gave her funds to assist in paying taxes.
The Plaintiff and Defendant were, over the years, involved in a band.
Plaintiff was the vocalist and Defendant played the accordion.
There were other persons in the band.
Plaintiff and Defendant received compensation from the various gigs that the band played at.
On one occasion, the Defendant paid off an $8,000.00 loan. The proceeds of which went to improve the residence.
Defendant has relatives who own a campground in New Hampshire and relatives who live in Florida.
Over the last six or seven years, the Plaintiff and Defendant have had separate bedrooms, and on many occasions the Defendant prepared his own meals.
Plaintiff had numerous pets including many cats and a dog.
Defendant paid for a new hot water heating system, window replacements, air conditioning and a new domestic hot water unit.
Defendant contributed to improvements to the premises to a value of at least $20,000.00.
Defendant is employed by Rogers Brothers and has been with that firm for 35 years.
Defendant worked his way up in the firm where he now receives $14.86 per hour.
Defendant's retirement date is 2006. CT Page 3797
Over the last eight or nine years the Plaintiff has been unwilling to participate in activities with the Defendant, has declined to attend band gatherings or concerts.
Defendant's visits to the casino numbered four. He went to see the bands perform and put small amounts in the slots while there.
Defendant has high blood pressure which is controlled by medication.
Defendant is age 55. He has some problems with his joints.
This is the third time that the Plaintiff has filed a petition for dissolution of marriage involving the Defendant.
Defendant gave the Plaintiff funds every week and showed her his paycheck.
Defendant's usual custom was to cash his check, set aside some personal funds and give his wife the money.
Defendant's 1995 gross earnings were $42,762.00.
Defendant's 1996 gross earnings were $40,961.00.
At certain times of the year the Defendant would receive vacation payments. In 1996 this amounted to $4,432.00.
Defendant has two children by a prior union, these children however were not part of the household of Plaintiff and Defendant.
Defendant paid support for his two children until they attained their majority.
Defendant is entitled to 28 days vacation time each year, but rarely takes it, electing to work at his job or that of a co-worker who is on vacation.
The Plaintiff was reluctant to leave on any extended vacations due to caring for her many pets. CT Page 3798
Donna Zdanis is employed by Rogers Corp. as a human resources administrator.
Ms. Zdanis does evaluations of pension benefits for Rogers Corp.
Ms. Zdanis determined that the value of Defendant's pension presently is $54,323.04.
The cost to Defendant to continue the Plaintiff on his medical insurance benefits would be $211.00 monthly for a maximum period of 36 months. (See Plaintiff's Exhibit #2.)
From the financial affidavits and exhibits, the Court makes the further findings.
Plaintiff's weekly income, based on her financial affidavit, is $190.00. ($50.00 part-time health aide, plus temporary alimony of $140.00.)
Plaintiff has no debts.
Plaintiff and Defendant have stipulated to the value of the Fortin Drive property being $100,000.00. On her affidavit, Plaintiff shows its value as $90,000.00.
Plaintiff's 1994 Dodge Van is valued at $7,500.00 free and clear.
Other portions of Plaintiff's financial affidavit were not completed or marked N/A.
See Defendant's Exhibit #5 for valuation of Defendant's pension at $54,323.04.
Defendant's weekly gross income is $697.51, which includes 4.3 hours of overtime, net $523.51.
Defendant shows debts of $3,095.00.
Defendant owns no real estate.
Defendant owns a 1995 Mercury on which $7,000.00 is due. CT Page 3799
Defendant, who now resides in an apartment, values furnishings at $3,000.00 and musical instruments at $5,000.00.
Defendant has a 401K valued at $16,000.00 and the pension benefits already recited at Rogers Corp.
DISCUSSION
This is a marriage of 25 years duration, the second for both parties, with no children issue of this union.
The Defendant appears to be a dedicated, hard worker who has been with the same employer for 35 years.
The parties have gradually drifted apart without either party being primarily responsible for the drift.
The Court feels that even though the Defendant had no record interest in the real estate that he made substantial improvements thereto and helped provide the funds for a substantial portion of the liquidation of the mortgage debt, as well as helping to provide a home for the Plaintiff's children who were part of the household.
The Plaintiff who is a licensed health care aide has chosen to only work a few hours each week, but clearly has the skills and opportunity to do considerably more.
Any vacations or visits by the Defendant out of state to the New Hampshire campground or to see relatives in Florida has been brief, has not involved the spending of anything but minimal expenses and has involved no misconduct.
THE COURT ENTERS THE FOLLOWING ORDERS.
The marriage of the parties is dissolved on the grounds of irretrievable breakdown and the parties are declared to be single and unmarried.
The Plaintiff wife may keep and retain the real estate known as 2 Fortin Drive, Baltic, which property is free and clear of any mortgages or liens.
The parties have divided their personal property to the mutual satisfaction of each except that the Defendant shall CT Page 3800 be entitled to have the following: a sledgehammer, monitor speakers, a microphone, sheet music and certain photographs.
The Plaintiff shall retain the 1994 Dodge Van and the Defendant shall retain the 1995 Mercury and be responsible for the remaining debt owed thereon.
The Plaintiff may retain her Chelsea-Groton Savings account of $1,000.00 and the Defendant may retain his Norwich Savings Bank account of $623.00.
The Defendant shall maintain the medical health coverage available through his employment for the benefit of the wife for the maximum allowable period of 36 months at a cost not to exceed $211.00 monthly.
The Defendant shall be responsible for the debts shown on his financial affidavit. (The wife shows no debts.)
The Plaintiff shall be entitled to one-half of the 401K plan which is valued at $16,000.00 by the Defendant.
The Defendant may retain his pension fund with the Rogers Corp. free of any claim by the Plaintiff wife.
By agreement, from an anticipated income tax refund, the Plaintiff is to receive $300.00.
The Defendant shall pay the Plaintiff the sum of $75.00 weekly as periodic alimony for a period of two years only.
On an overview of the financial circumstances of the parties, it is unlikely that the Defendant will ever own any real estate as a home and will be required to conscientiously continue his employment until he retires. His circumstances then will be modest.
The Plaintiff has the ability to earn much more than she has in the recent past and is licensed to do so.
The Court is mindful of the disparity as to earning capacity between the Plaintiff and Defendant.
The Court has endeavored to carefully weigh and assess CT Page 3801 all issues as to credibility.
In arriving at its decision, the Court has considered the provisions of C.G.S. §§ 46b-81a and (c) and 46b-82. SeeCaffe vs. Caffe, 240 Conn. 79 (1997).
In exercising its equitable powers, the Court seeks a just and equitable result. See Lord vs. Lord, 44 Conn. 370
(1997).
Each party shall be responsible for their respective attorney's fees.
Austin, J.