[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is a suit for dissolution of marriage brought by the plaintiff wife against the defendant husband. The parties were married on August 26, 1989 in Bridgeport. There are two children issue of the marriage: Brandon Avery Simmons born April 30, 1990, and Jonathan Quincy Simmons born January 31, 1993. The plaintiff is employed as a supervisor at Rite Aid Pharmacy and the defendant is employed as a custodian by the City of New Haven. The plaint if seeks a dissolution of the marriage, joint legal custody of the minor children, support for the minor children, alimony and a division of property.
The parties have agreed upon joint legal custody of the minor children, the children to reside principally with the plaintiff mother. The recomendation of the Family Relations Officer was that visitation occur every Wednesday after school until 7:30 p. m. and alternate weekends from Friday at 5:00 p. m. through Sunday at 7:00 p. m. During the course of the trial, the defendant indicated he no longer could exercise Wednesday visitation because he would be working the 3:00 p. m. to 11:00 p. m. shift. The plaintiff indicated she desired shared holidays while the defendant stated he wanted only alternate holidays. His expressed reason is that on holidays he would want to drive with the boys to Virginia where many members of his family reside. The defendant has taken an active role with his children, shared parenting with their mother, and participated in parent — teachers conferences.
The marriage in this case was stormy from the beginning. Indeed, the defendant has stated that the marriage had broken down from the start." They have each spent more time separated than they have living together. Each charges the other with having other relationships although it would appear that the cause for the separation was more the result of the defendant's other relationships.
While the parties have been separated, the defendant has been paying the mortgage, insurance, town taxes and fuel. The taxes and insurance are included with the mortgage for a total monthly payment of $948. The plaintiff's affidavit reports $214.73 per week for the mortgage, insurance and taxes and $15.38 per week for fuel. The amounts shown in the defendant's financial affidavit are $237 per week for mortgage, $51.85 per week for town taxes and $60.00 per week for fuel. Based upon the CT Page 13975 defendant's figures, he contributes $349 per week. Based upon the plaintiff's figures, he contributes $230 per week. The court accepts the plaintiff's figures over those of the defendant.
The plaintiff seeks $45.00 per week by way of alimony and support for the minor children in accordance with the guidelines. The plaintiff seeks alimony for seven years and support in the amount of $203 per week. She is employed as a supervisor by Rite Aid Pharmacy and earns a gross weekly salary of $580 per week with a net of $479 per week. Her financial affidavit reports weekly expenses of $706 per week. The plaintiff is a champion bowler. Her financial affidavit reports $39.00 per week bowling expense for herself and $12.00 per week bowling expense for the children.
The two minor children attend Catholic School. It is the plaintiff's wish that the children continue in religious school, and she requests that the defendant pay one — half of the school tuition and one-half of the children's books. The defendant, however, believes that the children should attend the public schools. Since this is a joint legal custody order, both part as must agree on this issue. The court, therefore, is no: going to enter any orders in this regard. The defendant is urged to contribute one — half of this cost if his is in the children's best interest.
The defendant is employed by the City of New Haven as a custodian. His financial affidavit reports gross earnings of $643 per week and a net pay of $520. His gross earnings with the City of New Haven for the year 2000 were $60,000 for the year. (See exhibit J — Earnings Year to Date and exhibit [K — W-2 form for the year 2000 from the City of New Haven. ) In addition, he earned $2,600 from East Coast Office Systems. (See exhibit M.) Plaintiff's counsel has used a figure of $976 per week as defendant's gross income on the Child Support Guidelines worksheet. It is clear that the defendant has not included his overtime or his earnings from East Coast Office Systems, Inc. in his financial affidavit. The court finds his gross earnings to be as reported in the Child Support Guidelines worksheet prepared by the plaintiff. He reports weekly expenses of $642 which includes payment of the mortgage, real estate taxes, insurance, and fuel. Those figures the court has accepted as $230 per week.
The parties have agreed that the real property has a value of $115,000 and a net equity of $28,000. The plaintiff seeks the defendant's half interest in the property, the plaintiff to assume and be responsible for the existing mortgage of $87,000. The plaintiff has a 401(K) retirement account valued at $6,000. CT Page 13976
The plaintiff suggests that the defendant retain his municipal pension, his United Illuminating pension, his American Mutual Life Fund and his Equity Vest account. This, then results in assets worth $25,072.
The defendant agrees in final argument that "the plaintiff may have exclusive possession of the family home at 91 Seltsam Road, Bridgeport. He requests that he be reimbursed for his down payment of $7,500 plus major repair items that he had to purchase amounting to $5,000.
In determining the proper orders in this case, the court must consider the factors set forth in § 46b-81, § 46b-82, § 46b-84 and § 46b-215b of the General Statutes together with the provisions of § 46b-62 dealing with attorney's fees. With respect to alimony, support and a division of property, the law to be considered has been stated as follows:
 To begin with, our alimony statute does not recognize an absolute right to alimony, General Statutes § 46b-82; Thomas v. Thomas, 159 Conn. 477, 487, 271 A.2d 42
(1970); "This court has reiterated time and again that awards of financial settlement ancillary to a marital dissolution rest in the sound discretion of the trial court.' (Citation omitted.) Although the court is required to consider the statutory criteria of length of marriage, causes for dissolution, the age, health, station in life, occupation, amount and sources of income, assets and opportunity for future acquisitions of assets of each of the parties, (citation omitted), no single criterion is preferred over all the others. In weighing the factors in a given case, the court is not required to give equal weight to each of the specified items. Nevertheless, it is rather obvious that in making financial determinations, the financial circumstances, both actual and potential, are entitled to great weight. Valente v. Valente, 180 Conn. 528, 530
(1980); Watson v. Watson, 221 Conn. 698, 710 (1992).
In the case of Blake v. Blake, 207 Conn. 217 at 230 (1988), our Supreme Court cited with approval the language of O'Neill v. O'Neill,13 Conn. App. 300 at 311 (1988), in which our Appellate Court stated as follows:
 A property division ought to accord value to those CT Page 13977 nonmonetary contributions of one spouse which enable the other spouse to devote substantial effort to paid employment which, in turn, enables the family to acquire tangible marital assets. The investment of human capital in homemaking has worth and should be evaluated in a property division incident to a dissolution of marriage. We hold, accordingly, that an equitable distribution of property should take into consideration the plaintiff's contributions to the marriage, including homemaking activities and primary caretaking responsibilities. See also Watson v. Watson, 221 Conn. 698, 712 (1992)
On the issue of division of property, the Appellate Court in the recent case of Siracusa v. Siracusa, 30 Conn. App. 560 (1996), sets forth the statutory criteria as follows:
 General Statutes § 46b-81 (c) sets forth numerous factors that a trial court must consider in assigning the property of the parties whose marriage is to be dissolved by the court. That section mandates that the court consider not only the contribution of each party toward acquisition of the property, but the length of the marriage, the cause of the dissolution and "the age, health, station, occupation, amount and sources of income, vocational skills, employability, estate, liabilities and needs of each of the parties and the opportunity of each for future acquisition of capital assets and income." General Statutes § 46b-81
(c). The court must consider all of the statutory criteria in determining how to divide the parties' property in a dissolution action. Leo v. Leo, 197 Conn. 1, 5, 495 A.2d 704 (1985). "A trial court, however, need not give each factor equal weight; Kane v. Parry,
[24 Conn. App. 307, 313-14, 588 A.2d 227 (1991)]; or recite the statutory criteria that it considered in making its decision or make express findings as to each statutory factor.' Savage v. Savage, 25 Conn. App. 693, 701, 596 A.2d 23 (1991). Siracusa v. Siracusa, 30 Conn. App. 560, 566-567 (1996).
Again in Siracusa, the court on page 570 states as follows: CT Page 13978
 `The trial court is accorded wide discretion in determining the proper allocation of the assets of the parties.' Graham v. Graham, 25 Conn. App. 41, 47, 592 A.2d 424 (1991). General Statutes § 46b-81 (a) expressly provides that at the time of entering a decree dissolving a marriage, the trial court may assign to either party all or any part of the estate of the other. The court is empowered to pass title or order the sale of real property "when in the judgment of the court it is the proper mode to carry the decree into effect. Siracusa v. Siracusa, 30 Conn. App. 560, 570 (1996).
As already noted, the court has considered all of he statutory factors of § 46b-81, § 46b-82 and § 46b-84 of the General Statutes together with the child support guidelines and all of the evidence, the exhibits, the parties' financial affidavits, the parties' claims for relief and all of the applicable case law. Since "[i]t would serve no useful function to require the trial court ritualistically to rehearse the statutory criteria that it has taken into account," Scherr v.Scherr, 183 Conn. 366, 368 (1981), this court will not recount those statutory criteria and the evidence, other than as has been previously stated. "The court is not obligated to make express findings on each of these statutory criteria." Weiman v. Weiman, 188 Conn. 232, 234 (1982).
The court, in addition to the foregoing findings, finds as follows:
1. There is the requisite jurisdiction.
2. The allegations of the complaint have been proved and are true.
3. There has been an irretrievable breakdown of the marriage.
4. The defendant is at fault for the breakdown of the marriage.
The court enters the following orders:
1. A decree of dissolution of the parties' marriage shall enter on the grounds of irretrievable breakdown of the marriage.
2. There shall be joint legal custody of the two minor children the plaintiff to have residential custody and the defendant to have reasonable visitation including but not necessarily limited to alternate weekends beginning Friday from 5:00 p. m. through Sunday at CT Page 13979 7:00 p. m. Further, the parents shall alternate holidays and each parent shall have one week of vacation with the children during the summer months.
3. The defendant shall pay child support to the plaintiff per the guidelines in the amount of $203 per week as well as 44 per cent of all unreimbursed medical and dental expenses. An immediate order for wage withholding shall enter.
4. The defendant shall pay periodic alimony to the plaintiff in the amount of $35.00 per week terminable upon the earliest to occur of the following events: the death of the defendant, the plaintiff's death or remarriage, or January 1, 2009. An immediate order for wage withholding shall enter on this order as well.
5. The plaintiff shall have the income tax exemption for the oldest child and the defendant shall have the income tax exemption for the youngest child.
6. The defendant shall quit claim all of his right, title, and interest in the property at 91 Seltsam Road in Bridgeport, Connecticut, to the plaintiff within thirty (30) days from the data hereof. The plaintiff shall in return give to the defendant a promissory note for $4,000 which shall be secured by a mortgage upon the property which shall be junior to the present existing mortgage or to any substitute first mortgage the plaintiff shall obtain in the future. The value of the defendant's secured interest shall never be less than $10,000. Said $4,000 shall be due and payable on the earliest to occur of the following events: six months following the plaintiff's death or remarriage; sale or conveyance of the property; or January 1, 2009, whichever first occurs, without interest. The mortgage deed and note shall likewise be delivered within thirty (30) days from the date hereof. The plaintiff shall be wholly responsible for the mortgage, real property taxes, insurance and all other expenses associated with the maintenance of the property from and after the date hereof. She shall indemnify and hold harmless defendant the on any claim or demand thereon.
7. The plaintiff shall retain her 401(K) account as reported in her financial affidavit together with her 1993 Cadillac Deville. She shall be wholly responsible for the outstanding loan on that vehicle.
8. The defendant shall retain his municipal pension, his United Illuminating pension, his American National Life Fund and Equity Vest assets free of any claim of the plaintiff together with the motor vehicles listed on his financial affidavit. CT Page 13980
9. The defendant shall maintain health insurance as available through his employment for the two minor children and shall maintain life insurance coverage on his life with the two minor children as irrevocable beneficiaries in the amount of $100,000. The plaintiff shall maintain dental insurance as available through her employment for the benefit of the minor children.
10. All tangible personal property, including any furniture and furnishings, at 91 Seltsam Road in Bridgeport shall be the property of the plaintiff free of any claim by the defendant.
11. Such personal property as is in the possession of the defendant shall be his free of any claim by the plaintiff.
12. The liabilities listed in the plaintiff's financial affidavit shall be wholly hers, and she shall indemnify and hold harmless the defendant from any claim or demand thereon.
13. The liabilities listed in the defendant's financial affidavit shall be wholly his, and he shall indemnify and hold harmless the plaintiff from any claim or demand thereon.
14. Each party shall pay her or his own attorney's fees.
Orders shall enter in accordance with the foregoing.
EDGAR W. BASSICK, III JUDGE TRIAL REFEREE